A. L. RICH AND D. W. HANLIN, PLAINTIFFS IN ERROR V. W. S. STRETCH, DEFENDANT IN ERROR.

1. Practice :. DEFAULT. A defendant appealing from a judgment of the probate court is not in default, in the district court, until after the rule day for filing his answer has elapsed.

2. ————: JUDGMENT : ATTORNEY'S FEES. Where an allowance is made for an attorney's fee, as provided by Sec. [23], p. 98, Gen. Stat., the amount thereof should be specifically stated and kept distinct from the amount of the judgment proper. PER LAKE, CH. J.

ERROR to the district court of Richardson County.

THE case was brought into that court by appeal on behalf of Rich and Hanlin, against whom judgment had been rendered by default in the probate court, in favor of W. S. Stretch. The statute concerning appeals from judgments of Justices of the peace, is as follows:

"(900.) SEC. 1008. The said justice shall make out a certified transcript of his proceedings, including the undertaking taken for such appeal, and shall, on demand, deliver the same to the appellant, or his agent, who shall deliver the same to the clerk of the court, to which such appeal may be taken, on or before the second day of the term thereof next following such appeal," *General Statutes*, 686. The act regulating practice in the probate court provides that appeals from judgments of that court may be taken "in the same manner as provided by law

in cases tried and determined by justices of the peace."
*General Statutes*, 268.

These statutes being in force this action was brought
as above stated, and judgment being entered against
Rich and Hanlin, defendants in the district court, they
brought the cause here by petition in error. The facts
presented by the record are fully set forth in the opinion
of the court.

*Schoenheit & Towle*, for plaintiffs in error, insisted that
the rules of court, relating to appeals from justices of the
peace, should be followed and enforced respecting appeals
from probate courts, and no default could be entered
until after the rule day for answering had elapsed; and
that no default could be taken and judgment rendered
upon it for the attorney's fee without the amount or sum
being fixed by the court. *General Statutes*, 98.

*W. W. Wardell*, for defendant in error, made the fol-
lowing points:

I. After default against him, a defendant can take no
steps, not even to except, till default has been set aside
on his motion.

1. The plaintiffs in error, in this case, were in default
in the district court by law.

2. No motion was made in either court to set aside
the default.

II. Error, when there has been default, raises only
the question of the sufficiency of the petition, and will
not lie on what is a matter of discretion in the lower
court. *Chase v. Davis*, 7 *Vermont*, 476. *Chaffee v.
Soldan*, 5 *Mich.*, 242.

III. When defendant suffers default and fails to take
advantage of points open to him, he will be held to have
waived them unless he can make a satisfactory excuse for

his previous omission. *Hollinshead v. Von Glahn*, 4 *Minn.*, 190. *Weston v. Palmer*, 51 *Maine*, 73.

LAKE, CH. J.

In the assignment of errors, in this case, but a single question is presented for our consideration, and that is, whether the judgment, which was by default, was entered before it could legally be done. It appears from the record, that on the eighteenth day of December, 1874, the defendant in error, who was plaintiff in the court below, recovered a judgment against the plaintiff in error, in the probate court, from which judgment, on the eighteenth of the same month, they took an appeal to the district court.

The next regular term of the district court, for said county, succeeding the taking of the appeal, was fixed for the fifteenth day of March, and the appellants had until the second day of that term to perfect their appeal by filing a transcript, and having the case docketed in the appellate court. The appellants, however, did not take the full statutory time to perfect their appeal, but actually filed the transcript on the sixth day of March, some ten days before they were required to do so.

By the rule of said district court, regulating the making up of issues in cases entered therein by appeal, the petition should be filed on or before the *third* Monday, after the time fixed for filing the transcript, and the answer on or before the second Monday thereafter. By this regulation, the rule day for filing the petition, in this case, was the sixth of April, and that for the answer, the twentieth of the same month, and the defendants would not be in default until after the last mentioned date, nor could any judgment be legally entered against them before that time. But the transcript shows that the default was actually taken on the twenty-second day of

March, nearly a month before it should have been done, and a judgment thereupon at once entered for the full amount claimed in the petition, to all of which the plaintiff in error duly excepted. In this there was manifest error, for which the judgment of the district court must be reversed.

In their brief, the counsel for plaintiffs in error call attention to the fact that the judgment is for considerably more than is called for by the terms of the note upon which the action is brought. It is suggested, and is no doubt true, that this excess is made up of a sum allowed as attorney's fee, which is provided for in this note. But in the finding of the court, no allusion is made to this subject, nor is any allowance made in terms therefor. The whole amount of the judgment is, ostensibly, found to be due, by the terms of the note, without reference to an attorney's fee. In cases like this, the court is authorized, in its discretion, to allow such fee, not exceeding ten per cent. on the amount of the recovery, but if such an allowance is made, the record should show the fact, and it should be kept entirely distinct from the judgment proper. It is considered in the nature of costs, and should be treated as such. This judgment is objectionable in this particular, but inasmuch as the point is not made in the assignment of errors it furnishes no ground for the reversal of the judgment.

For the reason, therefore, that the judgment was rendered on a default taken before the rule day for filing the answer had elapsed, the judgment of the district court is reversed, the default set aside, and cause remanded for further proceedings.

REVERSED AND REMANDED.

MAXWELL, J., concurred.   GANTT, J., did not sit.