### Wm. C. Jennings v. A. B. McKay, et al.

1. Attorney-Fee; *Stipulation;* *"Foreclosure."* A mortgage contained a stipulation, that upon default in the payment of the debt the mortgage should be "subject to foreclosure according to law, and that an attorney-fee of fifty dollars for foreclosure, with costs of suit and accruing costs, should be taxed against the mortgagor." *Held,* That where, after suit brought, but before decree, the mortgagor paid the debt, interest and costs, the court committed no error in refusing to render judgment in favor of the mortgagee and against the mortgagor for the fifty dollars attorney-fee, or any part thereof, or in dismissing the action.

2. ———— The case of *Life Association v. Dale,* 17 Kas., 185, commented on, and distinguished.

*Error from Howard District Court.*

The only question here is as to the right of a mortgagee to recover an attorney-fee. The facts are in the opinion. The district court, at the October Term 1873, refused to allow the claim made by *Jennings,* and he brings the case here — (his petition in error being filed 11th October 1876 — only

three days less than three years from the date of the order appealed from.)

*E. A. Barber*, for plaintiff in error.
*M. V. Yoder*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: A mortgage contained a stipulation, that in case of default "this conveyance shall become absolute, and each and all of the several amounts herein secured shall be due and payable, and said mortgage shall be subject to foreclosure according to law, and an attorney-fee of fifty dollars for foreclosure, with costs of suit and accruing costs, shall be taxed against said mortgagor." Upon default, suit was commenced, but before any decree was entered the mortgagor paid the full amount of the debt, interest and costs, and upon his motion the suit was dismissed. The mortgagee claimed that he was entitled to a judgment for the fifty dollars attorney-fee, or at least to such an amount thereof as would be proportioned to the work already done in the suit; and upon the refusal of the district court to allow this claim he brings the question here for our consideration. The allowance of attorney-fees in the foreclosure of a mortgage is based upon contract. *Stover v. Johnnycake,* 9 Kas. 367; *Coburn v. Weed,* 12 Kas. 182. The court can allow none unless the mortgagor has stipulated to pay them, and can allow no more than he has stipulated to pay, and under no other circumstances than those under which he has stipulated to pay. In other words, the court can make no new contract for the parties. It simply enforces the contract already made. Again, it is a matter of common knowledge that as a rule the form of the mortgage is determined by the mortgagee. He refuses to complete the loan until the terms of the instrument are made to suit his wishes, even where he does not himself prepare the mortgage. Hence, while the rule is not so strict against him as in construing legislative grants against the grantee, yet it is fair and rea-

1. Attorney-fee; stipulation.

9—19 KAS.

sonable to construe doubtful language against rather than in favor of him. And this upon the general principle, that he who prepares an instrument by which he is to acquire rights will seek to express fully and clearly all the rights he intends to secure.

The stipulation in the case at bar is, that an attorney-fee for foreclosure shall, with costs of suit, be taxed against the "Foreclosure," explained. mortgagor. There was here no foreclosure. The commencement of an action to foreclose, is not a foreclosure. Strictly speaking, there is no foreclosure until the mortgagor's interest is actually and finally barred — forever closed, as the term suggests. This, under our laws, would not be at least until the sale, and perhaps not until the confirmation of the sale. So that the stipulation in this case is not so strong in favor of the mortgagee as in most mortgages where the stipulation is that the attorney-fee shall be entered in and become a part of the judgment. Probably however in a case like this it would have to be named in the judgment, though it might be questionable whether the mortgagor could not at any time before sale release his property by paying the amount of the debt and costs without the at-2. Cases dis-tinguished. torney-fee. That question however is not before us. Nor is this stipulation anything like that in the case of *Life Association v. Dale*, 17 Kas. 185, where it read that "In any action that may be brought * * * the party of the second part * * * shall be entitled to and may have, recover and receive * * * ten per cent. upon the amount due and recoverable at the time *payment shall be made or judgment rendered*," etc. It may be said, that the commencement of the suit is a step in the foreclosure proceedings, and that as the mortgagor stipulated to pay fifty dollars for the entire proceedings, equity ought to compel him to pay proportionately for that part actually taken. In case that by his default he should cast a certain burden and expense on the mortgagee, he agreed to pay fifty dollars therefor. By his default he did cast a part of that burden and expense on the mortgagee, and ought he not rightfully

to pay proportionately therefor? There is force in this claim, and it has something of equity in its favor; but still it does not—accord with the contract. There is no express promise to pay anything. It is merely a stipulation that in a certain event an attorney-fee of a fixed amount may be taxed against him. That event never happened. The time never came for a taxation of costs against him, and no foreclosure was ever had. If no contract had been made concerning attorney-fees, then no matter how equitable it might be that he should pay the fees of counsel employed by the mortgagee, none could be recovered. We may not enlarge his contract. We may not enforce against him a liability which he never assumed, or construe a doubtful expression prepared by the mortgagee so as to impose a burden which it may be he ought to have assumed, but which if expressly named he might have refused to assume.

The ruling of the district court will be affirmed.

All the Justices concurring.