B. ROSA, APPELLANT, v. WILLIAM E. DOGGETT ET AL., APPELLEES.

1. **Attorney's Fees.** No attorney fees can be allowed except in cases where a judgment has been recovered, and only in cases where the instrument upon which the action is brought in express terms provides for their allowance. And in no case can such fee be recovered unless it is allowed by the court.

2. ———: USURY. In the year 1875 judgments to the amount of about $1,600 were recovered against R., who filed stay of execution. Upon the expiration of the stay, R. obtained an extension of the time of payment from June until September, upon paying the plaintiff's attorney, with the plaintiff's assent, $140 as an attorney's fee, in addition to 10 per cent interest. Upon a petition for an injunction being filed, it was held that the fee paid to the plaintiff's attorney was usurious and must be applied *pro tanto* upon the judgments.

APPEAL from Washington county.

*Davis & Tucker*, for appellant, cited Gen. Stat., p. 98. *Richards v. Kountze*, 4 Neb., 200. *Philo v. Butterfield*, 3 Neb., 256. *Cheney v. Woodruff*, 6 Neb., 151. *Jenness v. Cutler*, 12 Kan., 500, 512.

No appearance for appellee.

MAXWELL, CH. J.

In the year 1875, the defendants recovered four judgments in the county court of Washington county against the plaintiff, each for the sum of $354.20 and

costs. The plaintiff herein filed bonds for the stay of execution, which were duly approved by the judge of said court.

In June, 1876, soon after the expiration of the stay of execution, the defendants herein caused executions to issue on said judgments, which executions were placed in the hands of the sheriff of Washington county. At this time the plaintiff herein applied to the defendants for an extension of the time of payment until the month of September following, whereupon the defendants wrote to their attorney as follows:      *      * " We know you have him cornered and that the money *must* come or somebody must suffer, but if our certainty of enforcing payment is not lessened, and we can get attorney's fees, and costs, and 10 per cent interest up to September 15th, as a business transaction, apart from favor to one who does not deserve it, we should extend. Therefore, conditionally, we should agree to extend. Therefore, conditionally, we have agreed to remit, the conditions being that through you we must be assured that we can extend with safety, lose no hold upon the sureties, and that attorney's fees, all costs, and 10 per cent interest on judgments, etc., be paid by Rosa."      *      * This letter being delivered to the attorney of the defendants he made a positive agreement in writing to extend the time of payment of the judgments until September following, upon the plaintiff obtaining the written consent of the sureties to that effect, and paying him an attorney's fee of $140.00, and certain costs to the sheriff amounting to $42.00. The plaintiff herein then paid said fee and costs, and the time of payment was extended as agreed. Various payments were made upon the judgments during the winter of 1876, and in May, 1877, the plaintiff and the attorney of the defendants made a computation of the amount remaining due and unpaid, and fixed upon the sum of $300.00 as the

amount then due.   Afterwards the plaintiff paid $200.00 on said judgments.

On the eighth day of December, 1877, the defendants caused an execution for the sum of $107.92 to be issued on said judgments, and the sheriff being about to levy upon the goods and chattels of the plaintiff, he obtained a temporary order of injunction against said defendants, upon a petition alleging that said judgments were fully paid off and satisfied.   The defendants answered the plaintiff's petition, and on the trial of the cause the court found the issues in favor of the defendants and dismissed the cause.   The case is brought into this court by appeal.

The plaintiff claims that the $140.00 paid to the attorney of the defendants, not being paid in pursuance of an express agreement in the original obligations, nor in pursuance of an order of the court based upon such agreement, must be treated as a device for obtaining a greater rate of interest than is authorized by the statute.

Section one, of chapter 34, Gen. Statutes, provides that "any rate of interest which may be agreed upon, not exceeding twelve dollars per year upon one hundred dollars, shall be valid upon any loan or forbearance of money, goods, or things in action."   Section 5 provides that "if a greater rate of interest than is hereinbefore allowed shall be contracted for, or received, or reserved, the contract shall not therefore be void; but if, in any action on such contract, proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall only recover the principal without interest, and the defendant shall recover costs."

The act to provide for the allowance and recovery of attorney's fees in certain actions, approved February 18, 1873, provides "that in all actions brought for the

foreclosure of a mortgage, or upon a written instrument for the payment of money only, there shall be allowed to the plaintiff, upon a recovery of judgment by him, a sum, *to be fixed by the court*, in addition to the judgment, not exceeding ten per cent of the recovery, as an attorney's fee, in all cases where the mortgage or other written instrument upon which the action is brought shall, in express terms, provide for the allowance of an attorney's fee." Gen. Stat., 98.

Under the provisions of this statute no attorney's fee can be allowed except in cases where a judgment has been recovered, and only in cases where the instrument upon which the action is brought, in express terms, provides for its allowance. And in no case can such fee be recovered unless it is allowed by the court. It has been held by this court that attorney fees are in the nature of costs and are to be taxed as such. *Rich v. Stretch*, 4 Neb., 189. *Heard v. Dubuque County Bank*, ante p. 10.

No attorney fees having been allowed by the court, defendants herein and their attorneys are not in a position to claim such fees.

In the case of *Toole v. Stevens*, 4 Leigh., 581, S. and N. being indebted to the F. and M. bank, and the bank having recovered judgments against them for the debts, and the debtors then applying to the bank for indulgence, the bank agreed to give them further time upon their agreeing to give real estate security for the debt, and in addition, to pay the costs of suit, and the commissions of the attorney of the bank for securing the debts. Upon a bill for an injunction being filed, it was held that the *commissions* to the attorney were usurious.

In *Richards v. Kountze*, 4 Neb., 205, it is held that it makes no difference whether the usurious interest is expressed in terms in the instrument given for the payment of the debt secured by the loan, or is taken as a

bonus, or is secured by any other corrupt agreement, device, or shift, at the time of the contract. It is also held that if money is paid as a premium upon a loan, or as usurious interest on a debt, the money so paid is considered as a payment *pro tanto* upon the original debt.

We adhere to the decision in that case, and although the payment of the attorney's fee does not taint the original transaction with the vice of usury, it must be regarded as a payment *pro tanto* upon the judgments.

The judgment of the district court is reversed, and as it will be necessary to take additional testimony before a final judgment is rendered, the cause is remanded to the district court for further proceedings.

REVERSED AND REMANDED.