ELBERT O. HAND, APPELLANT, v. G. WALTER PHILLIPS ET AL., APPELLEES.

Attorney Fee. Under a statute which authorizes the allowance of an attorney's fee in certain cases, proportioned to the amount of recovery, the debtor cannot, by paying a considerable portion of the debt immediately preceding the rendition of judgment, defeat the recovery by the attorney of fees upon the entire sum for which, but for the payment, judgment would have been rendered.

APPEAL from Platte county district court. Heard below before POST, J.

A. W. Crites, for appellant.

George G. Bowman, for appellees.

MAXWELL, J.

This action was brought in the district court of Platte county to foreclose a mortgage upon certain real estate executed by Minerva A. Bailey and Gurdon B. Bailey, on the 18th day of February, 1879. The mortgage contains this provision: "And in case of a foreclosure of this mortgage a sum equal to ten per cent of the whole amount due shall be awarded in addition to the judgment, as an attorney's fee." It is alleged in the petition, in substance,

38

that Phillips purchased the mortgaged premises after the execution of the mortgage. No answer was filed by any of the parties, but on the day on which the decree was rendered the attorney for Phillips announced in open court that he had paid into court the sum of $220 to apply, first, on taxable costs for clerk's and sheriff's fees, and second, on the amount found due on the note and mortgage. The court thereupon found "that all the facts stated in said petition are true; that at the time of the payment of the sum aforesaid into open court there was due from the defendant Gurdon B. Bailey to the plaintiff, upon the note and mortgage set forth in said petition, the sum of two hundred and ninety-five dollars for principal and interest;    *    *    that there still remains a balance of eighty-eight and $\frac{3}{100}$ dollars of the sum so found due as aforesaid to said plaintiff, still unpaid; that a sum equal to ten per centum of said last named sum should be allowed as an attorney's fee, and that the plaintiff is entitled to the relief prayed for by him as to the residue of said two hundred and ninety-five dollars, after deducting the sum so paid into court," etc.    The sum of $8.08 was allowed as attorney's fee. From the decree refusing to allow an attorney's fee on the entire sum due, the plaintiff appeals. This mortgage was executed before the act of 1879, p. 78, repealing the law providing for attorneys' fees took effect, consequently the contract is in full force. *White v. Rourke*, 11 Neb., 519. The question for determination, therefore, is, did a payment of a part of the mortgage debt immediately preceding the entering of the decree of foreclosure defeat the right to recover attorneys' fees?

The act of February 18th, 1873, providing for attorneys' fees was as follows: "That in all actions for the foreclosure of a mortgage or upon a written instrument for the payment of money only, there shall be allowed to the plaintiff, upon the recovery of judgment by him, a sum to be fixed by the court in addition to the judgment, not ex-

ceeding ten per cent of the recovery, as an attorney's fee, in all cases wherein the mortgage or other written instrument upon which the action is brought shall in express terms provide for the allowance of an attorney's fee." In a number of cases this court has decided that the attorney's fees allowed by the act were in the nature of costs and to be taxed as such and kept separate from the judgment. *Rich v. Stretch,* 4 Neb., 186. *Hendrix v. Ricman,* 6 Id., 516. *Heard v. Bank,* 8 Id., 10. *Dow v. Updike,* 11 Id., 95. Being in the nature of costs a portion of them accrued when the petition was filed. The proceedings to foreclose were then instituted. The defendants by failing to answer admitted that the cause of action had been correctly stated and that they had no defense. This being so, could they come into court immediately preceding the entering of the decree with the cause of action confessed upon the record, and pay the entire claim and costs, except the attorneys' fees? It will be observed that the contract is, that "in case of foreclosure of this mortgage a sum equal to ten per cent of the whole amount due shall be awarded in addition to the judgment as an attorney's fee. This contract is to receive a fair construction, one that will carry out the intention of the parties as far as it can be ascertained. The ten per cent is to be computed upon the amount due on the note and mortgage. This presumably is to be determined by the decree, as the facts as to the indebtedness as they existed when the petition was filed are presumed to continue until after the rendition of judgment. If, therefore, the defendant was indebted on the note and mortgage when the petition was filed to foreclose he ought not to be permitted to take advantage of his own default by then making part payment to defeat the attorney's fee *pro tanto.* In *Dakin v. Dunning,* 7 Hill, 30, Dunning brought an action of assumpsit against Dakin, who *immediately* after issue joined paid into court a certain sum of money, claiming that was all that he owed the plaintiff. At the trial, how-

ever, the indebtedness was found to exceed the amount paid into court; the defendant insisted that the sum thus paid should be deducted by the jury and a verdict found for the balance only. The case was such that the deduction would have reduced the recovery below the amount necessary to entitle the plaintiff, under the statute, to costs. The court say (page 31): "The consequences that follow from the payment of money into court in a proper case is well settled in England. If the amount brought into court is accepted by the plaintiff in satisfaction of his demand, his costs are to be paid by the *defendant*, and the cause will thus be ended. But the plaintiff may insist that the amount paid is less than the actual indebtedness, and proceed in the cause to recover the residue. In such case if the sum paid into court is equal to what was due at that time the verdict is to be for the defendant, but if the sum paid is short of that amount the payment is to be allowed as a credit and a verdict found for the balance only. * * * * The former practice of the English courts may have been well enough there and worked no injustice to either party, and it might be proper here if our law as to costs was the same as that of England. The sum brought into court belongs to the plaintiff in any event, and in England if he recovers anything beyond that sum he is entitled to costs. But it is otherwise in this court and in the courts of common pleas of the several counties. The plaintiff's right to costs in these courts often depends upon the amount of the recovery, and that right ought not to be impaired or affected by a payment into court unless the amount thus paid is equal to the whole sum due at the time." And it was held that the verdict and judgment should be for the whole amount of the plaintiff's claim, but that the defendant would be entitled to the benefit of the payment. In other words, that as the statute allowed attorneys certain fees in the nature of costs, proportioned to the amount of recovery, that the debtor by paying a part of

the debt after the action was commenced could not prevent the attorney from recovering fees upon the entire sum. See also *Hand v. Dinely*, 2 Stra., 1220. *Sheriff v. Hull*, 37 Iowa, 176. This, we think, is the correct rule to be applied in cases of this kind. The payment, so far as the attorneys' fees are concerned, is to be applied as though the decree had been rendered, and this will dispose of the objection that the fees were to be fixed by the court upon the recovery of judgment, as the court at that time determines the amount due from the defendant to the plaintiff. But it may be said that the court has a discretion in the premises, and having fixed the fees that this court cannot review the order. In answer to this objection we will say that it clearly appears from the record that the court only allowed fees upon the balance remaining unpaid, and refused to allow the same upon the amount paid immediately preceding judgment. In this we think the court erred. The decree as to attorneys' fees is reversed, and as 10 per cent does not appear to be an unreasonable fee where the sum recovered is less than three hundred dollars, the plaintiff is allowed a sufficient sum with that heretofore awarded to amount to ten per cent on the decree, and the decree as thus modified is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.