H. A. MERRILL, APPELLANT, V. JAMES E. JONES ET
AL., APPELLEES.

FILED MARCH 21, 1894.   No. 5539.

Tax Liens: FORECLOSURE: ATTORNEY'S FEES.   In an action to
    foreclose certificates of tax sale, during the litigation, and before
    trial or decree in the case, the owner of the property covered
    by the lien of the taxes evidenced by the certificates in suit
    tendered to the plaintiff in the case, owner and holder of the
    certificates, the total amount of the principal debt, interest and
    costs, then accrued.   *Held,* That the plaintiff was not entitled
    to an award of any sum as an attorney fee to be taxed as a part
    of the costs in the case, as provided by section 181, chapter 77,
    Compiled Statutes of Nebraska, entitled "Revenue."

APPEAL from the district court of Lancaster county.
Heard below before FIELD, J.

*Henry W. Pennock* and *Webster, Rose & Fisherdick,* for
appellant.

*S. L. Geisthardt, contra.*

HARRISON, J.

In this case the appellant filed a petition in the district
court of Lancaster county, containing sixteen separate
causes of action, and alleged the purchase, by plaintiff, of
sixteen tracts of land in said county, belonging to defend-
ants, at a tax sale held December 8, 1888, also the payment
by plaintiff of various sums, taxes on the premises, prior
and subsequent to the date of sale; and further alleged
that no tax deeds had ever been executed, or any applica-
tion made for the same.   The prayer of the petition was
for a finding of amount due, a foreclosure of the tax certifi-
cates or liens, and sale of the premises ; also, for an al-
lowance, as an attorney's fee, of an amount equal to ten per

cent of the amount determined to be due the plaintiff, to be awarded and taxed as part of the costs in the action.

Defendant Carlos C. Burr answered, admitting that he was the owner in fee of all the land described in the sixteen causes of action in the petition of plaintiff; denied that plaintiff owned the tax certificates set forth and described in the petition, and also denied that there was any sum due upon the certificates or either of them. The answer further alleges that immediately prior to the date of the commencement of his ownership of said lands his co-defendant, James E. Jones, was the owner in fee of said premises. The answer further states that no notice was given by plaintiff, or any one for him, to Jones, or the answering defendant, Burr, personally, or by publication or otherwise, of any claim of plaintiff against the lands, or of any purchase of them by him at tax sale; that the assessor of said lands for the year of sale (1877) did not take or subscribe any oath; that the schedules and assessment rolls or lists for 1877 had no oath of the assessor attached thereto, and no oath of the assessor was contained therein, and hence they were invalid, and the taxes assessed and levied thereon were invalid and were not liens on the lands; that a large number of the items of taxes (enumerated in the answer), contained in the certificates of sale issued to plaintiff when he paid the taxes and sought to be foreclosed in this action, were levies of taxes made upon valuations of the property, which valuation had been raised by the board of equalization without any notice to plaintiff or his grantor, James E. Jones, and were void and not liens upon the lands. This answer was filed January 9, 1892.

February 10, 1892, plaintiff filed a reply, in which he admitted Burr's ownership in the lands, also admitted that no notice of tax sale, as a condition precedent to demand for tax deeds, had ever been served upon the owners of the lands as required by the statutes; and further denied each and every other allegation of the answer.

On March 30, 1892, defendant Burr filed a supplemental answer, in which he set forth that on March 29, 1892, he tendered to plaintiff, or to his attorney and agent, Halleck F. Rose, the sum of $3,718.70, as payment in full of all the several amounts due in the causes of action contained in plaintiff's petition, also the further sum of $40.50 costs of the action, being in all $3,759.20, which was sufficient to pay the amounts due in full and costs of action in full ; that plaintiff refused to receive the money so tendered, and still refuses, and the answer contains the further offer of defendant to bring the money into court. (We will here state that the money was produced in court by defendant and there refused by plaintiff.)

Plaintiff, in reply to this supplemental answer of defendant, admitted the tender, in amount and for the purpose stated in the answer, and the refusal to accept the same by plaintiff, and denied each and every other allegation of the answer, and alleged that he had notified defendant Burr personally, and also by letter, of plaintiff's ownership of the tax certificates in suit before beginning the action, and requested or demanded payment of the amounts due upon the certificates, and informed defendant that if payment was not made plaintiff would institute action upon them, and that defendant refused to pay the amounts due; that the tender was not made until after the action was commenced, and that it was made now solely to defeat plaintiff's recovery of costs accrued and hereinafter to accrue in this action.

April 18, 1892, judgment was rendered for the amount of principal and interest due upon the certificates, foreclosing the liens and ordering sale of the lands. There was also a finding that the tender was made as pleaded in the supplemental answer of Burr; that plaintiff was not entitled to recover any attorney fee, and the recovery of an attorney fee of ten per cent was denied plaintiff.

The case is brought here on appeal by the plaintiff, and

the sole complaint made is of the action of the court below, by which the plaintiff was denied the recovery of the sum, equal to ten per cent of the amount ascertained to be due upon the tax certificates, as an attorney's fee. Section 181, chapter 77, Compiled Statutes of 1893, entitled "Revenue," is as follows: "In any case in which the plaintiff shall recover in an action for the foreclosure of tax liens, as provided in this act, he shall be entitled to interest on each amount paid by him, and evidenced by his certificates of tax sale and receipts for taxes paid, at the rate of twenty per cent per annum from the date of each payment for the term of two years, and at the rate of ten per cent per annum on each of said amounts from and after the expiration of said two years, and until the rendition of the decree of foreclosure, which decree shall draw interest as in other cases. At the time of the rendition of such decree, the court shall award to the plaintiff an attorney's fee equal to ten per cent thereof, which shall be taxed as a part of the costs in the action." In the case at bar it is not disputed that the tender was made, and of sufficient amount to extinguish the entire indebtedness and the costs of the action, save and except the attorney's fee, if any allowed. There is no conflict or controversy over the facts, and our only inquiry is, did the tender by the defendant, of the full amount of the liens, interest and costs, defeat the right of plaintiff to recover, as a part of the costs in the case, an attorney fee to be calculated upon the amount found due at the time of the rendition of the decree in the case?

This case, in its essential features, bears a very close resemblance to one in which the maker of a note, mortgage, or other instrument agrees in such instrument to pay a certain per cent of the judgment rendered, or recovery allowed, upon the note or other instrument, as an attorney fee. On February 18, 1873, an act passed the legislature of this state on this subject, with reference to instruments for the payment of money only, which was as follows:

"That in all actions brought for the foreclosure of a mortgage, or upon a written instrument for the payment of money only, there shall be allowed by the plaintiff, upon a recovery of judgment by him, a sum to be fixed by the court, in addition to the judgment, not exceeding ten per cent of the recovery, as an attorney's fee, in all cases wherein the mortgage or written instrument upon which the action is brought shall in express terms provide for the allowance of an attorney's fee." (Gen. Stats., p. 98.) It will be noticed from the above quotation that it is "upon the recovery of judgment" that the party becomes entitled to the assessment of the attorney fee, and the taxation of it as a part of the costs. It is conceded, by all the parties to this case, to be the established rule of this court that "attorneys' fees are in the nature of costs, when allowed by the court, and should be taxed as such and kept separate from the judgment." The allowance of the fee is no part of the judgment for the debt itself. (See *Rich v. Stretch*, 4 Neb., 186; *Dow v. Updike*, 11 Neb., 95; *Hendrix v. Rieman*, 6 Neb., 517.) In *Rosa v. Doggett*, 8 Neb., 48, it was held in an opinion written by MAXWELL, C. J., "No attorneys' fees can be allowed except in cases where a judgment has been recovered."

We call attention particularly to that portion of the law above quoted, and the decisions construing it, where it is definitely and clearly stated that the amount of the attorney's fee and its allowance is based upon the judgment and made to depend upon the recovery of a judgment. The low governing in the case at bar provides, as to the attorney's fee: "At the time of the rendition of such decree, the court shall award to the plaintiff an attorney's fee equal to ten per cent thereof, which shall be taxed as part of the costs in the action." It is provided in another section of the act in question in regard to "Revenue:" "The owner of any certificate or certificates of tax sale * * * may * * * proceed by action * * *

to foreclose the same, and cause the tract or lot to be sold for the satisfaction thereof, * * * in all respects as far as practicable, in the same manner and with like affect as though the same were a mortgage executed to the owner of such certificate or certificates for the amount named therein," etc. It will be gathered from the foregoing that in this case we have the right given to award attorney fees as costs, to be taxed as costs; the time of such award, the rendition of the decree; the amount, equal to ten per cent of the decree; and the action, one in the nature and to be governed by the rules of procedure, etc., applicable to mortgage foreclosures. It seems quite clear that the reasoning and rules in the cases of actions for foreclosure of mortgages or judgment upon instruments for the payment of money only, containing an agreement for the allowance of an attorney fee to be taxed as costs, should be equally forcible in the action under consideration. They differ most materially probably, in that the former is one where the right to tax the fee arises out of an act of the party, of his own will and choice, and in the latter, from nothing of his own choosing or determination, but purely by operation of law. It cannot be disputed that if a tender is made in an action of foreclosure or for the amount due upon a promissory note, of the sum due, with interest and costs to date of tender, it will be sufficient, and any further proceedings in the case by plaintiff will be at his cost; and this, we think, is fully pertinent and forcible in the case we are discussing. The allowance of the attorney fee in all these cases is an incident to and dependent upon the rendition of a judgment or decree upon the principal indebtedness, and whatever works an extinguishment of the principal, or a right to a judgment or decree for it, draws with it the incident and dependent right.

The rule of tender was in force at the time of the passage of the act under which the plaintiff claims the relief sought for in this action, and was, and had been for many

years, recognized and applied by the courts, and there is no
conflict between it and the right given to parties by the act
of the legislature in question; and we see no reason why,
where an action is brought to recover the amount of taxes
and interest in the manner provided by the act of the leg-
islature, it should be exempted from the general rule of
the law, in regard to tender, which holds good in all cases
of similar nature. We are satisfied that when the tender
was made in this case, before the decree, of the whole
amount of the principal debt, with interest and costs which
had accrued and were, from the nature of the case, ascer-
tainable, and by law were taxable at the time of tender,
that if. it had been accepted by plaintiff it would have ex-
tinguished the principal debt, and that the plaintiff could
not have further maintained the action for the purpose of
recovering or having the amount of the attorney fee, as
costs, determined, and, when not accepted by the plaintiff,
any further proceedings in the case were at his own cost;
that inasmuch as the right to the award or allowance of
the attorney fee had not, at the time of tender, attached, as
there was as yet no judgment or decree, the plaintiff, by
refusing the tender, could not further prosecute the case,
for the purpose alone, it would seem, of reaching a judg-
ment or decree for the same amount offered, and thus at-
tain the recovery of the attorney fee as further costs. (*Jen-
nings v. McKay*, 19 Kan., 120; 2 Jones, Mortgages, sec.
1607; *Schmidt v. Potter*, 35 Ia., 426; *Two Rivers Mfg.
Co. v. Beyer*, 42 N. W. Rep. [Wis.], 232.)

The attorneys for plaintiff, in their brief, cite us to the
case of *Hand v. Phillips*, 18 Neb., 593, and strenuously
insist that it supports their view of the case in regard to
tender, and that in the case the doctrine is announced that
the attorney fees being in the nature of costs, a portion of
them accrued when the petition was filed. The syllabus
of the case cited is as follows: "Under a statute which au-
thorizes the allowance of an attorney's fee in certain cases,

53

proportioned to the amount of recovery, the. debtor cannot, by paying a considerable portion of the debt immediately preceding the rendition of judgment, defeat the recovery by the attorney of fees upon the entire sum for which, but for the payment, judgment would have been rendered." The principal question involved in the case, as stated by the writer of the opinion (MAXWELL, J.) was, did a payment of a part of the mortgage debt, immediately preceding. the entering of the decree of foreclosure, defeat the right to recover attorney's fees? and the answer is given to this in the negative. One of the cases cited by Judge MAX-WELL in his opinion is *Dakin v. Dunning,* 7 Hill [N. Y.], 30, which was an action of assumpsit brought against Dakin, who, after issue joined, paid into court a sum of money which he claimed was all he owed Dunning, the plaintiff. A trial of the case was had, which developed the fact that the sum paid into court by defendant was not sufficient to pay the whole amount of the debt, or was only a partial payment. Defendant contended that this payment should be deducted as of the time made and a verdict, if any rendered against him, be for the balance. This, if done, would have reduced the amount recovered below the sum which it was necessary the plaintiff should recover to entitle him to costs in the case, and it was held: "Where the defendant resorts to the practice of paying money into court, but the sum thus paid was found by the jury to be less than was due at the time, the verdict and judgment should be for the whole amount of the plaintiff's demand, without any deduction on account of the payment. The defendant, however, is entitled to the benefit of the payment by way of indorsement upon the execution. If the sum paid into court is found by the jury to be equal to what was due at the time, the verdict should be for the defendant." And in the body of the opinion it was said : "The consequences which follow from the payment of money into court, in a proper case, are well settled in England. If the

amount brought into court is accepted by the plaintiff in satisfaction of his demand, his costs are to be paid by the defendant and the cause will thus be ended.   But the plaintiff may insist that the amount paid is less than the actual indebtedness and proceed in the cause to recover the residue.   In such case, if the sum paid into court is equal to what was due at that time, the verdict is to be for the defendant, but if the sum paid is short of that amount, the payment is to be allowed as a credit and a verdict found for the balance only.   *   *   *   The former practice of the English courts may have been well enough there and worked no injustice to either party, and it might be proper here if our law as to costs was the same as that of England.   The sum brought into court belongs to the plaintiff in any event, and in England, if he recovers anything beyond that sum, he is entitled to costs.   But it is otherwise in this court, and in the courts of common pleas of the several counties.   The plaintiff's right to costs in these courts often depends upon the amount of the recovery, and that right ought not to be impaired or affected by a payment into court, unless the amount thus paid is equal to the whole sum due at the time."   The case of *Hand v. Phillips, supra,* was decided upon the same theory, and the principle announced in *Dunning v. Dakin* adopted and applied.   But in the case at bar the facts are not the same or similar.   Here the whole amount of the debt, interest and costs was tendered, and the only further litigation was over the question of the right to the attorney fee.   A further fact in the case of *Hand v. Phillips,* which does not appear in the one at bar, was the fact that the defendant had filed no answer and practically confessed the plaintiff's claim, while in this case he was contesting it at every point, but certainly had a right to make payment and save costs if he so desired.

The plaintiff, it will be remembered, admitted that there was no notice to redeem served upon the defendant.   It

has been twice stated by this court, that where notice was not served upon the owner or occupant of the real estate to redeem, at least three months before the expiration of the time of redemption, that the failure of plaintiff to serve such notice may bar his right to recover costs where the owner or occupant tenders the amount due at the time suit is brought. (*Lammers v. Comstock,* 20 Neb., 341; *Helphrey v. Redick,* 21 Neb., 80.) But the time at which such tender must be made has not been accurately given, except that if it is at the time suit is brought, it may have the effect of throwing the costs upon the plaintiff. We do not place the decision in this case upon the fact that the notice was not served, but upon the fact of the tender of the amount due. That notice was not served strengthens our position, and possibly, if the above doctrine in regard to notice was followed in its full intended scope, it might have barred the plaintiff of the recovery of any costs.

The attorney for appellees has, in his brief, gone into the question of the constitutionality of the portion of the revenue act which allows attorney's fees as costs in an action to foreclose tax certificates; but as the conclusion reached in the case, so far as we have now considered it, will dispose of it and favorably to the contention of appellees as to the only point in the case, we do not deem it necessary to here discuss or decide the constitutional query. The decree of the court below was right and is

AFFIRMED.


Post J., not sitting.