MABEL CHAMBERS, APPELLANT, v. WILLARD E. CHAMBERS, APPELLEE.

FILED FEBRUARY 22, 1906. No. 14,107.

1. **Divorce:** ALIMONY: RES ADJUDICATA. An application for a change with respect to alimony in a decree of divorce, made at a subsequent term, must be founded upon facts or circumstances which have arisen subsequently to the decree, and in the absence of such facts and circumstances the matter will be deemed *res adjudicata* between the parties.

2. ————: CUSTODY OF CHILDREN. But, where the circumstances require it. the court may at a subsequent term enter a supplemental decree with respect to the custody of the children, although the original decree contains no provision therefor.

3. **Suit Money:** ATTORNEY'S FEES: COSTS. In a proceeding upon an application of that character, the court may require the husband to pay a reasonable sum to enable the wife to prosecute such application, and when such allowance is for attorney's fees the same may be taxed as part of the costs of the proceeding.

4. **Harmless Error.** Where the court, instead of thus taxing the fees,

enters a judgment therefor in favor of the attorneys by name, it is a mere error of form, and not of substance, and does not constitute reversible error.

5. Evidence examined, and *held* sufficient to warrant the order of the court with respect to the custody of the child of the parties.

APPEAL from and error to the district court for Douglas county: ALEXANDER C. TROUP, JUDGE.  *Affirmed.*

*Frank Heller* and *Hall & Stout,* for plaintiff in error.

*Baldrige & De Bord, contra.*

ALBERT, C.

On the 3d day of March, 1904, Mabel Chambers filed her petition in the district court for Douglas county against Willard E. Chambers, in substance, as follows: That on the 5th day of August, 1901, the plaintiff filed a petition in said court against the defendant, praying a ·decree of divorce, and the care and custody of a minor child, now about 9 years old; that the defendant appeared personally in said cause, and after due hearing thereof the plaintiff was granted a divorce as prayed, but no order was made with respect to the child; that at the time the decree was obtained it was agreed between the parties to the suit, that the defendant would pay the plaintiff, from time to time, a sum sufficient for the support of herself and the said minor child, and that for some months afterwards the defendant paid her various sums, averaging about $35 a month, but that some months ago the defendant ceased to make further payments to the plaintiff, and she is now without property of her own and without means of support; that the defendant enjoys a considerable income, but as to the amount of which the plaintiff is not informed, is possessed of a considerable amount of real and personal property, and capable of supporting plaintiff; that for some time subsequently to the said decree of divorce she had the care and custody of the child,

but that some months ago the defendant, without authority, took and still retains the custody of the child, and wrongfully deprived the plaintiff of her society. The prayer is as follows: "Wherefore, the plaintiff prays that defendant pay her the sum of thirty-five dollars ($35) a month alimony, and reasonable attorney's fees for prosecuting this proceeding, as well as fifty dollars ($50) suit money, and that she have the care and custody of the minor child, Halcyon, and that said original decree be modified in this respect, and such other and further relief as may be just and equitable."

The defendant answered, admitting that the plaintiff obtained a decree of divorce at the time stated in her petition, but avers that her petition in the suit for divorce contained no allegations nor demand for alimony, and that the final decree therein contains no finding of fact or determination by the court touching, or in any manner relating to, alimony or the custody of the child, nor any order regarding the same, or either of them, and that the questions of alimony and the custody of the child were not reserved by the court for further consideration; that at the time the said decree was entered the defendant owned no property, real or personal, otherwise than household goods of the value of $500, and was not in receipt of any income, save sufficient to meet the current expenses; that said household goods were given by the defendant to the plaintiff, who accepted the ownership and possession thereof, and that since the decree of divorce the defendant has at all times supported and maintained the minor child at his own expense, expending for that purpose about the sum of $20 a month, and that it is his purpose to continue to do so. Then follows certain averments justifying his removal of the child from the custody of her mother, and which it is not necessary to set out in detail. The reply admits, among other averments of the answer, that no order was made in the divorce proceedings touching the question of alimony, or the custody of the child.

The court dismissed the claim for alimony, and made an

order respecting the minor child to the effect that during the school year, with the exception of vacation times, it should be kept at school in Council Bluffs, Iowa, and that her tuition and board at said school, and all expenses incident to her instruction and education therein, should be paid by the defendant; that the plaintiff should have the care and custody of the child from the date of the decree until the 25th day of August, 1904, and that the defendant should have the custody and control of her from that date until the 12th day of September, 1904, which is the opening of the school year; that thereafter the plaintiff should have the care and custody of the child during the first half of her vacation periods, and that the defendant should have the care and custody of her during the latter half of such periods. Each of the parties were given permission to visit the child at school. It was further ordered that the defendant should pay the plaintiff the sum of $3 a week for the maintenance and support of the child, covering the period that she would be in the custody of the plaintiff, and $5 a month, payable on the first day of each month, until the further order of the court, commencing on the first day of August, 1904, to enable the plaintiff to purchase clothing for the child. Then follows this further order: "It is further ordered that the defendant pay the costs of this suit, for which execution is hereby awarded, and $100 attorney's fees to the firm of Baldrige & De Bord for their services in this cause, and it is ordered that said Baldrige & De Bord shall have and recover of and from the defendant herein the said sum of $100, for which execution is hereby awarded." The defendant prosecutes error, and the plaintiff appeals from the decree dismissing her claim for alimony.

It is not thought necessary, in order to dispose of the plaintiff's appeal, to pass on the question whether a wife who has obtained a decree of divorce a *vinculo*, without alimony, may, at a subsequent term, maintain an application for a supplemental decree allowing alimony, because,

while there is some conflict of authorities on that question,
our attention has been called to no case, nor have we
been able to find one, holding that such application could
be maintained without a showing of sufficient ground for
not asking and taking a decree for alimony in the orig-
inal suit. It has been held that an application for a
change in the amount of alimony, after divorce, must be
founded upon new facts which have occurred since the
decree was entered, and that, in the absence of such facts,
the matter is deemed to be *res adjudicata* between the
parties. *Cole v. Cole,* 142 Ill. 19, 34 Am. St. Rep. 56;
*Lawson v. Shotwell,* 27 Miss. 630. It is true, the plaintiff
in her application alleges an agreement between herself
and the defendant, entered into at the time the decree
was obtained, to the effect that the defendant would pay
her alimony from time to time. But that is not put for-
ward as an excuse for her failure to include facts upon
which a decree for alimony could be based, and a prayer
therefor, in her petition, or to have the court reserve the
question for future determination, but merely as an agree-
ment which the court should enforce at this time. If the
agreement has any force, it merely operated to transmute
the rights of the plaintiff, incident to her relationship to
the defendant, into a right based upon an express con-
tract, enforceable by ordinary procedure at law, and which
cannot be enforced in proceedings of this character.

We come now to the errors assigned and argued by the
defendant. It appears to be tacitly conceded that, with
respect to the custody of the child, plaintiff's application
presented a cause properly cognizable by the district
court, and, were it not, we should at least hold that it
does. The plaintiff had custody of the child when the
divorce was granted. While her petition contained a
prayer for her custody, no order was made respecting it.
The effect of the decree, then, so far as the child is con-
cerned, was to leave the parties *in statu quo.* Sections 15
and 16, chapter 25, Compiled Statutes 1905 (Ann. St.
5338, 5339), are as follows:

"Section 15. Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bonds of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain.

"Section 16. The court may from time to time, afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, custody, and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children shall require."

The clause "and make a new decree concerning the same," etc., in section 16 seems broad enough to allow the court, at a subsequent term, to enter a supplemental decree affecting the custody of the children, although the original decree contains no provision with respect to them. The question of the custody of the children, unlike that of alimony, is not one which concerns the parties, exclusively, but involves the rights of the children, and, to some extent, concerns the public at large. This, of itself, aside from the statutory provisions quoted, would justify a more liberal rule with respect to the custody of the children than to alimony.

It is claimed, however, that the court erred in rendering a personal judgment againnst the defendant in favor of Messrs. Baldrige and De Bord for their services as attorneys for the plaintiff in this proceeding. Section 12 (Ann. St. 5335) of the chapter referred to above provides: "In every suit brought, either for a divorce or for a separation, the court may in its discretion require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency; and it may decree costs against either party, and award execution for the same; or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver."

It will be observed that the statute does not specifically describe to whom payment shall be made. In *Rich v. Stretch,* 4 Neb. 186, the court held that, in cases where the court in its discretion could allow an attorney's fee, such allowance should not be included in the judgment proper, but taxed as an item of costs. See, also, *Rosa v. Doggett,* 8 Neb. 48; *Hand v. Phillips,* 18 Neb. 593. In *Burnham v. Tizard,* 31 Neb. 781, the court appears to recognize the propriety of taxing the attorney's fee as part of the costs. It would seem, then, that the attorney's fees allowed stand on the same footing as the fees taxed in favor of officers and witnesses, and, while it is not usual to enter a formal judgment in favor of witnesses and officers for their fees, yet that is the practical effect of an order taxing costs. Hence, whatever error there may have been in entering a formal order in favor of the gentlemen who conducted the proceeding for the plaintiff, it is an error only to the form, and not to the substance, and affords no just ground for complaint.

It is next urged that, the plaintiff having ceased to be the wife of the defendant, it was error to allow her counsel fees in this proceeding. This proceeding is simply a continuation of the divorce suit and one of its incidents, and we think that the authority of the court to allow counsel fees under the section of the statute last cited continues until the subject matter of the divorce suit is finally settled and determined. See *Brasch v. Brasch,* 50 Neb. 73.

It is next claimed that the court erred in awarding the custody of the child to the plaintiff during one-half of each vacation period. This is a matter largely within the discretion of the trial court and depends, to some extent, at least, on the peculiar qualifications and fitness of the respective parties to have the custody of the child. The evidence touching these matters is somewhat voluminous, and we think it will suffice to say that, after a careful examination, we are satisfied that the discretion of the trial court was not abused.

It is next urged that the decree is erroneous in that it awards suit money out of property which the defendant acquired subsequently to the original decree. Several cases are cited in support of this proposition, none of which are in point. It is also urged at some length that the court erred in requiring the defendant to contribute to the support of the child while she was in the custody of the plaintiff. This is based, in part, on the same ground as the complaint awarding the plaintiff the custody of the child for a portion of the time, and, to that extent, requires no further consideration. It is also based, in part, on the ground that the necessity for such order was an assumption on the part of the trial court, in view of the fact that the evidence shows that the defendant has at all times cheerfully supplied the child with whatever it required. If the defendant is ready and willing to provide for the support and maintenance of the child at all times, the order requiring him to do so works no hardship, because it only requires him to do what he professes to be able and willing to do in any event. But, however ready and willing he may have been to do so, it was eminently proper for the court to define the rights of the parties and foreclose future contention as to the amount required.

We discover no prejudicial error in the record, and we recommend that the decree of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.