LIFE ASSOCIATION OF AMERICA v. WILLIAM DALE, et al.

ATTORNEY-FEE, *Stipulated in Mortgage to be Paid, is Recoverable.* An action was commenced on a note and mortgage. The mortgage contained the following among other stipulations, to-wit: "*In any action that may be brought*" on the note and mortgage, the plaintiff "*shall be entitled to,* and *may have,* recover and receive, of and from" the defendant "ten per cent. upon the amount due and recoverable at the time *payment shall be made* or judgment rendered as and for liquidated fees and compensation of the attorney or attorneys of the" plaintiff. The defendant was in default for want of an answer, and the plaintiff moved for judgment on his petition. The defendant then appeared in court and tendered all that was due on said note and mortgage except said attorney-fees, and also tendered costs. The court then ordered that the amount so tendered be paid to the clerk subject to the plaintiff's order, and the same was so paid; and then the court overruled the plaintiff's motion for judgment. The defendant then moved the court to dismiss the plaintiff's action, which motion the court sustained, and dismissed said action: *Held,* That the court below erred in refusing to allow the plaintiff any attorney-fee, and dismissing the plaintiff's action.

### Error from Franklin District Court.

THE question in this case is as to the right of a mortgagee to recover attorney-fees stipulated in the mortgage to be paid by the mortgagor. The district court, at the August Term 1874, held that such stipulated fees were not recoverable where the whole debt, interest, and other costs were paid

13—17 KAS.

before judgment; and from such decision the plaintiff appeals, and brings the case here on error.

*Burnes & Dill,* for plaintiff.

*Meigs & Littlefield,* for defendants.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a note and mortgage. The mortgage contains among others the following stipulation, to-wit:

"And said parties of the first part" (William Dale and Elizabeth Dale, his wife,) "hereby promise and agree to and with said party of the second part" (The Life Association of America,) "that in any action that may be brought for any amount that may be due and unpaid upon said note, or interest notes, or by virtue of any of the provisions of this mortgage, or to enforce the same, the party of the second part or its successors or assigns shall be entitled to and may have, recover, and receive, of and from said parties of the first part ten per cent. upon the amount due and recoverable at the time payment shall be made or judgment rendered, as and for liquidated fees and compensation of the attorney or attorneys of the parties of the second part, or its assigns, for services in such action; and such amount shall be an additional lien upon the property hereby mortgaged, and shall be included in any judgment rendered in any action as aforesaid, and collected and the lien thereof enforced, in the same manner as the principal debt hereby secured."

This stipulation was duly set forth in the plaintiff's petition, and the plaintiff duly prayed for judgment in accordance therewith and with the other allegations of the petition. The defendants did not answer, but made default. The plaintiff then moved the court for judgment in accordance with its said petition; and while this motion was pending the defendant came into court and tendered everything that was due on said note and mortgage except said attorney-fees, and also tendered the costs of suit; whereupon the court ordered that the sum so tendered be paid to the clerk subject to the plaintiff's order, and the same was so paid; and thereupon the court overruled the plaintiff's mo-

tion for judgment. The defendants then moved the court to dismiss the plaintiff's action, which motion the court sustained and dismissed said action. It will be seen from this that the court below refused to allow the plaintiffs any attorney-fee; and this ruling the plaintiffs now assign for error.

The note and mortgage in this case were executed April 5th 1871, for $500, due in two years from date, with twelve per cent. interest. This suit was commenced May 8th 1874; and the action was dismissed August 3d 1874. At the time the action was dismissed the amount due on the note and mortgage for principal, interest, and taxes paid, as agreed by the parties and found by the court, was $568.28. This amount, together with $11.50 costs, is the amount that was tendered and paid to the clerk as above stated. The plaintiff now claims that the defendants should have tendered $56.82 more, as and for attorney-fees; and as he did not tender the same, the court below erred in refusing to render judgment for that amount, and in dismissing the plaintiff's action. We are inclined to think that the plaintiff is correct, and that the court below did err. At least, we think a judgment should have been rendered for the plaintiff for some amount as attorney-fees, and *prima facie* $56.82 was the proper amount; and there is nothing in the record showing that it should have been any other amount. It has already been decided in this court that such a stipulation as the one contained in the foregoing mortgage, is legal and valid. And therefore the only question for us now to consider is, whether the tender of the amount due on the note and mortgage, and just before judgment was rendered thereon, is sufficient to entirely relieve the mortgagor from all obligation to pay an attorney-fee in the case. The mortgage in this case stipulates, that "*in any action that may be brought,*" etc., the plaintiff "*shall be entitled to,* and *may have,* recover, and receive of and from" the defendants "ten per cent., upon the amount due and recoverable at the time *payment shall be made,* or judgment rendered, as and for liquidated fees and

compensation of the attorney or attorneys of" the plaintiff. And there is no stipulation in the mortgage that said attorney-fee should not be allowed if payment of the amount of the note and mortgage be made while the suit is pending, so that no judgment can be rendered for that amount. Said stipulation evidently contemplated the payment of an attorney-fee if suit were brought on the note and mortgage, even if nothing more were done before the payment of the amount due thereon than merely to commence such suit. But it also contemplated that the said amount of ten per cent. on the amount paid or recovered should be full compensation for the entire services of an attorney for the plaintiff from the commencement of the action until its final conclusion. Hence, if the defendants at any time after suit was brought, and before its final termination, stopped all further proceedings in the case by the 'full payment of everything due therein, he would be entitled to an equitable abatement of said ten per cent. attorney-fees in proportion as the value of the services which the plaintiff's attorney was relieved from performing would have been to the value of the whole of the services of the plaintiff's attorney if the case had been allowed to proceed to its final determination without any payment being made therein.

The judgment and order of the court below must be reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.