HARRY P. NORTON *et al.* v. JOHN G. REARDON.

No. 13,202. (72 Pac. 861.)

SYLLABUS BY THE COURT.

1. JUDICIAL SALE—*Special Execution.* After a decree of fore-closure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property charged is special, and must conform to the order of the court.

2. ———— *Time for Return of Special Executions.* Section 4915, General Statutes of 1901, providing that the sheriff shall return a writ of execution within sixty days from its date, has no application to executions in special cases mentioned in the fourth subdivision of section 4892 and in section 4994, General Statutes of 1901.

3. ———— *Sale after Return-day Cured by Confirmation.* A decree was entered in a foreclosure suit ordering real estate to be sold according to law to satisfy a mortgage lien. The sheriff sold the property under an execution issued by the clerk six days after the return-day of the writ. The sale was confirmed. *Held*, that, it being within the power of the court to order the property sold under a special execution at the time it was sold, the confirmation of the sale rendered it valid, being an approval of that which, as to time of performance, the court had power to order in the first instance, within the principle announced in the second paragraph of the syllabus in *Thompson v. Burge*, 60 Kan. 549, 57 Pac. 110, 72 Am. St. Rep. 369.

Error from Chase district court; DENNIS MADDEN, judge. Opinion filed June 6, 1903. Affirmed.

STATEMENT.

IN the year 1888 Harry E. Norton and wife executed their promissory note for $600 to W. F. Herwick, and secured the payment of it by a mortgage on 160 acres of land. In 1889 suit was brought by Herwick in the district court and a decree of foreclosure entered against the Nortons on November 29, 1889. The decree ordered that the land be appraised, advertised and sold according to law, and that out of the proceeds there be paid the costs of suit and the

sale and all taxes due on the premises, and that plaintiff have execution for the deficit.   On February 7, 1890, an order of sale was issued by the clerk, under the seal of the court, reciting the date of the decree, the amount due from the debtors, the costs, with a description of the land, and directing the sheriff to cause the property to be appraised, advertised and sold according to law for the payment of the costs, taxes, and amount of judgment and interest, with a further direction as follows:   "You will make due return of this writ before the court aforesaid in sixty days from the date hereof, with your proceedings indorsed thereon."

On the 18th day of February the sheriff caused the land to be appraised.   It was advertised for sale and sold by the sheriff on April 14, 1890, six days after the date on which the order of sale was made returnable.   The land was bid in at this sale by one Dunlap, and the sheriff executed a deed to him.   Defendant in error holds possession of the land and claims the premises by mesne conveyances from Dunlap.   On June 4, 1901, Reardon made application for a *nunc pro tunc* order confirming the sale, and showed on the hearing that the judge of the district court had noted on his docket opposite the title of the foreclosure case, under date of May 17, 1890, the following words: "Sale confirmed—deed to purchaser."   The application for the *nunc pro tunc* order of confirmation was allowed on June 17, 1901.   Ten days later plaintiffs in error, sole heirs at law of Harry E. Norton and his wife, deceased, filed their motion to set aside the sale and the order of the court confirming it.   This motion was denied, and the moving parties have come here by proceedings in error, seeking a reversal of the action of the court below overruling their motion.

*W. A. Randolph*, and *J. G. Egan*, for plaintiffs in error.

*R. M. Hamer*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: It is the contention of counsel for plaintiffs in error that the final process issued by the clerk to the sheriff, commanding him to appraise and sell the mortgaged real estate decreed by the court to be sold, should have been executed within sixty days from its date, and that a sale after the return-day was void and conveyed no title to the purchaser. This is followed by the argument that a void sale could not be given effect or validity by an order of confirmation.

The nature of the suit in which the decree was entered leads to an inquiry whether section 4915, General Statutes of 1901, providing that the sheriff to whom any writ of execution is directed shall return such writ within sixty days from its date, has application to sales under a decree of foreclosure. A careful examination of the different statutory provisions relating to executions and execution sales is necessary to arrive at a correct solution of the question. Section 4848, General Statutes of 1901, provides that, in actions to enforce a mortgage or other lien, judgments shall be rendered for the amount due "and for the sale of the property charged and the application of the proceeds." The several sections of the statute referring to executions, necessary to be considered, read:

"§ 4891. Executions shall be deemed process of the court, and shall be issued by the clerk and directed to the sheriff of the county. They may be directed to different counties at the same time.

"§ 4892. Executions are of four kinds: *First*, against the property of the judgment debtor; *second*,

against his person; *third*, for the delivery of the possession of real or personal property, with damages for withholding the same, and costs; *fourth*, executions in special cases."

"§ 4896. The writ of execution against the property of the judgment debtor, issuing from any court of record in this state, shall command the officer to whom it is directed that of the goods and chattels of the debtor he cause to be made the money specified in the writ; and for want of goods and chattels, he cause the same to be made of the lands and tenements of the debtor; and the amount of the debt, damages and costs for which judgment is entered shall be indorsed on the execution."

"§ 4898. The officer to whom a writ of execution is delivered shall proceed immediately to levy the same upon the goods and chattels of the debtor; but if no goods and chattels can be found, the officer shall indorse on the writ of execution, 'No goods,' and forthwith levy the writ of execution upon the lands and tenements of the debtor which may be liable to satisfy the judgment; and if any of the lands and tenements of the debtor which may be liable shall be encumbered by mortgage or any other lien or liens, such lands and tenements may be levied upon and appraised and sold subject to such lien or liens, which shall be stated in the appraisement."

"§ 4905. Lands and tenements taken on execution shall not be sold until the officer causes public notice of the time and place of sale to be given for at least thirty days before the day of sale, by advertisement in some newspaper regularly printed and. published and having a general circulation in the county, to be designated by the party ordering the sale, or in case no newspaper be printed in the county, in some newspaper in general circulation therein, and by putting up an advertisement on the court-house door and in five other public places in the county, two of which shall be in the township where such lands and tenements lie. All sales made without such advertisement

20—67 KAN.

shall be set aside, on motion, by the court to which the execution is returnable. And no greater sum shall be taxed as costs for advertising in any case than the amount received or to be received by the publisher, printer or editor of the paper doing the printing, and which shall not exceed the amount prescribed by the law for such publication.''

It will be noted that in the first two of the three sections set out above the process is designated as a ''writ of execution'' and in section 4905 at least thirty days' notice of sale is required to be given by the officer in cases where land is ''taken on execution.'' Section 4915, General Statutes of 1901, provides:

''The sheriff or other officer to whom any writ of execution shall be directed shall return such writ to the court to which the same is returnable, within sixty days from the date thereof.''

Does this have reference to executions in special cases authorized in section 4892, *supra?* The nature of a special execution is stated in section 4994, General Statutes of 1901, as follows:

''In special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court. When a judgment for any specified amount, and also for the sale of specific real or personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs be not made from the sale of property specified, an execution may issue for the balance, as in other cases.''

Special executions are again mentioned in sections 4927, 4928, 4947, and 4949, General Statutes of 1901, relating to the redemption of real estate. In the sections cited ''orders of sale'' are also referred to.

Those sections of the statute which provide for a levy of an execution on real estate of the judgment debtor before its sale by the officer can have no appli

cation to judicial sales ordered by the court, like that ·in the present case, where the property on which a lien was fixed was designated in the decree, and ordered sold to satisfy the amount of the charge against it.    In *Smith v. Burnes*, 8 Kan. 197, 202, it was said :

"There was no formal levy of the order of sale on said lot.    This we think was not necessary.    The court had complete jurisdiction of the property without any formal levy.    The court ordered that it be sold ; and the sheriff had no power to seize or sell any more or any less than the specific lot which he was ordered to sell.    *Wheatly v. Tutt*, 4 Kan. 195.    The order of sale was not a general execution which the sheriff could levy on any property."

For the reasons stated, the language of section 4909, General Statutes of 1901, providing that if lands or tenements *levied on* are not sold on one execution an *alias* may be issued to sell the property, is to be restricted to those executions where a levy is necessary.

A sale by a sheriff under a general execution which he has levied on real or personal property is not a judicial sale, strictly speaking.    Such a sale is a ministerial act, and, at common law, if the officer conformed to the established regulations, the sale was final and valid as soon as made.    Confirmation was required only in chancery sales.    ( Rorer, Jud. Sales, 2d ed., § 9, and note 4, p. 6 ; also § 16.)    In Freeman on Void Judicial Sales, section 1, the distinction between judicial and execution sales is pointed out.    It is said :

"Execution sales are not judicial.    They must, it is true, be supported by a judgment, decree, or order. But the judgment is not for the sale of any specific property.    It is only for the recovery of a designated sum of money.    The court gives no directions, and can give none, concerning what property shall be levied upon.    It usually has no control over the sale

beyond setting it aside for non-compliance with the directions of the statutes of the state. The chief differences between execution and judicial sales are these : the former are based on a general judgment for so much money, the latter on an order to sell specific property ; the former are conducted by an officer of the law in pursuance of the directions of a statute, the latter are made by the agent of a court in pursuance of the directions of the court ; in the former the sheriff is the vendor, in the latter, the court ; in the former the sale is usually complete when the property is struck off to the highest bidder, in the latter it must be reported to and approved by the court."

By our statute certain restrictions have been imposed on chancery sales unknown to strict equity procedure. All executions, whether general or special, must be issued by the clerk and directed to the sheriff. (Gen. Stat. 1901, § 4891.) Sales thereunder must also be held at the court-house in the county where the lands are situated. (Gen. Stat. 1901, § 4908.) Sheriff sales made under execution or order of sale must be confirmed by the court. (Gen. Stat. 1901, § 4952.)

Section 4994, General Statutes of 1901, set out above, directs that, "in special cases not hereinbefore provided for, the execution shall conform to the judgment or order of the court." Looking back to the preceding sections, we find that the only one which prescribes a public notice of the time and place of sale has relation to the sale of lands and tenements "taken on execution," referring obviously to a general execution where there had been a seizure or levy. The requirement of section 4915, that the writ shall be returned by the officer within sixty days from its date, does not impose a limitation on the power of the court in cases like the present, where the interests of all parties to the suit might demand that an enlargement of the

time for a return be ordered.   In other words, a special case arises in a foreclosure suit, which is in the nature of a proceeding *in rem*, where the decree of the court operates directly on the mortgaged property, and where no levy or seizure is necessary.

Our position on the question involved is fortified by a reference to the statute directing the manner of making sales in attachment cases.   It is provided that after judgment the attached property "shall be sold by order of the court under the same restrictions and regulations as if the same had been levied on by execution."   (Gen. Stat. 1901, § 4669.)   There is no such provision in respect to the sale of property to satisfy a mortgage lien.

Where large tracts of land or other valuable property are involved, not likely to find a purchaser at an adequate price if sold under short notice, three or six months' advertisement might be advisable and necessary, and we think that under section 4994 of the statute it would be within the power of the court ordering the sale to fix the duration of the notice, and give such publicity to it as the necessities of the case might require, and to that end postpone the return-day of the special execution to a time beyond sixty days from the date of its issue.   We do not think, however, that in any case the notice should be shortened by the court to less than thirty days before the day of sale, in view of the legislative policy to provide for thirty days' notice in ordinary execution sales.

The conclusion we have reached is supported by the case of *Southern Cal. L. Co. v. Hotel Co.*, 94 Cal. 217, 29 Pac. 237, 28 Am. St. Rep. 115.   The statutory requirements there passed on were substantially like ours. The trial court set aside a decretal sale for the reason that the property was advertised and sold after the

return-day of the writ. This ruling was held to be erroneous. It was decided that the time within which an order of sale based on a decree foreclosing a mechanic's lien should be executed was directory merely. See *Amoskeag Savings Bank v. Robbins*, 53 Neb. 776, 74 N. W. 261; *Jarrett v. Hoover*, 54 id. 65, 74 N. W. 429.

Holding this view of the law, a confirmation of the sheriff's sale in the present case was an approval of that which as to the time of performance the court had power to order in the first instance, and the case comes within the rule stated in the second paragraph of the syllabus in *Thompson v. Burge*, 60 Kan. 549, 57 Pac. 110, 72 Am. St. Rep. 369. In the case of *Shultz v. Smith*, 17 Kan. 306, the court did not distinguish between ordinary execution sales and those specially ordered by the court.

The ruling of the court below will be affirmed.

All the Justices concurring.

CUNNINGHAM, J., not sitting, having been of counsel.