WILLIAM J. WILDIN, *Appellant*, v. G. M. DUCKWORTH, *as Sheriff, etc., Appellee.*
No. 16,771.

SYLLABUS BY THE COURT.

1. EXECUTIONS—*Judgment for Money and to Foreclose a Lien.* An action was brought on promissory notes, and to foreclose a chattel mortgage given to secure the payment thereof. Judgment was rendered for the amount of the notes and interest, and for the sale of the personal property and the application of the proceeds to the payment of the costs and judgment. Thereafter a general execution was obtained by the judgment creditor and delivered to the sheriff to collect the amount of the judgment. The sheriff levied upon certain real estate of the judgment debtor for that purpose. An action was brought by the judgment debtor to enjoin the sale of the real estate, on the ground that the personal property mort-

gaged as security should be first sold and applied upon the debt. A temporary injunction was allowed. On motion of the judgment creditor the temporary injunction was set aside and a permanent injunction denied. *Held,* not error.

:2. ———— *Option of Judgment Creditor.* In such case the judgment debtor is entitled to a general execution upon the money judgment and is also entitled to an order of sale, or special execution, for the sale of the mortgaged property; and he may, at his option, first proceed to the sale of the personal property and the application of the proceeds to the payment of the judgment and have a general execution for any deficiency, or he may elect to take execution upon the general judgment in the first instance.

Appeal from Reno district court. Opinion filed January 7, 1911. Affirmed.

*Carr W. Taylor,* and *George A. Neeley,* for the appellant.

*Prigg & Williams,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant commenced this action against the appellee, as sheriff of Reno county, to enjoin him from selling real estate under execution, and alleges the following facts:

A thrasher company had theretofore brought an action against the appellant praying judgment on certain promissory notes executed by him to the company, and to foreclose certain chattel mortgages given to secure the payment thereof. In that action the company recovered a judgment in the district court of Reno county for the sum of $923 and costs; also an order that the chattel mortgages be foreclosed and the property therein described sold and the proceeds of the sale applied, first, to the payment of the costs, and, next, to the payment of the judgment; also "that upon order of sale or execution being issued herein that said property be taken by the sheriff of Reno county and notice of sale be advertised," etc. No order of sale, or special

execution, was issued on the judgment; but something over two years and a half after the rendition of the judgment a general execution for the amount specified in the judgment was issued by the clerk of the court and delivered to the sheriff, who levied upon a large number of lots in Park's First Addition to the city of Hutchinson, which addition had been vacated since the rendition of the judgment. In his petition in this action the appellant alleged that the personal property mortgaged was of the value of $555. The petition was presented to the probate judge of the county, who granted a temporary order enjoining the sale. The thrasher company thereafter filed a motion in the district court to dissolve the temporary injunction, for the following reasons:

"(1) Because said probate judge had no authority of law to grant or make such order.

"(2) Because from the facts stated in the petition of plaintiff he was not entitled to such order.

"(3) Because upon the facts stated by plaintiff in his petition, this court has no jurisdiction to grant an order of injunction of any kind."

Upon the hearing in the district court the motion to dissolve the injunction was allowed, and the action was dismissed at the cost of the plaintiff.

The appellant contends that under the judgment in the original action the thrasher company should be compelled first to procure a special execution for the sale of the personal property, and bases his claim upon sections 439 and 506 of the code of 1909, which provide:

"SEC. 439. Executions are of four kinds: First, against the property of the judgment debtor; second, against his person; third, for the delivery of the possession of real or personal property, with damages for withholding the same, and costs; fourth, executions in special cases.

"SEC. 506. In special cases not hereinbefore provided for the execution shall conform to the judgment or order of the court. When a judgment for any specified amount, and also for the sale of specific real or

personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs be not made from the sale of property specified, an execution may issue for the balance as in other cases."

The thrasher company, on the other hand, contends that under the original judgment the plaintiff therein was entitled to either of two remedies: First, to procure an order of sale or special execution and sell the personal property and apply the proceeds to the judgment, and if the amount of the judgment were not realized to have a general execution issued for the remainder; or, second, at its option, to have a general execution for the amount of the judgment in the first instance, as was done in this case.

It is, of course, conceded that if a special execution or order of sale was issued for the sale of the personal property, it must conform to the judgment of the court. The only question is whether the plaintiff in the original action was compelled to proceed to the sale of the personal property before it was entitled to a general execution upon the judgment. The appellant cites *Lisle v. Cheney,* 36 Kan. 578, and *Norton v. Reardon,* 67 Kan. 302. In neither of those cases was the question now pending involved, and we find nothing in *Norton v. Reardon,* supra, bearing upon this issue. In *Lisle v. Cheney,* supra, we find this language:

"Under a judgment for any other money demand, the judgment creditor has a lien on the real estate of the debtor within the county; under a judgment on a money demand secured by mortgage, a judgment creditor has a lien on the real estate of the debtor within the county, with this condition attached, that the proceeds of the sale of certain specific real property shall be first applied to the satisfaction of such judgment. This we adopt, and declare to be the true construction of the various sections of the code of civil procedure on judgments rendered in actions to foreclose mortgages." (p. 583.)

As before said, we do not find that the question apparently decided in the above excerpt, especially the portion beginning "with this condition attached," was involved in that action, and that dictum is disapproved.

In the original action the court rendered, first, a general judgment. Under the statute the company was entitled to a general execution to enforce this judgment against any property of the judgment debtor not exempt by law from execution. To procure such execution requires no order of court. The statute expressly gives the right. The court has no power to direct upon what property a general execution shall be levied. The sale is made according to the provisions of the statute. Such sale should be confirmed or set aside by the court, but can only be set aside for the reason that the provisions of the statute have not been complied with. The sale is made under the law. On the other hand, the foreclosure of the mortgage and the sale therein provided for is a judicial sale—a sale made by the court—and in the absence of a statute directing an execution to be issued therefor, as our statute provides, the court may order any person to make the sale and prescribe the manner of the sale. The person or officer making the sale does so, practically, as the agent of the court. (*Norton v. Reardon,* 67 Kan. 302.)

No good reason appears why the judgment creditor in this case was not entitled to its choice of remedies under the judgment, and we accordingly hold that it was entitled thereto. (Pingrey, L. of Chat. Mort. § 1036; Jones, Chat. Mort., 5th ed., § 764; *Karnes v. Lloyd et al.,* 52 Ill. 113; *Fish v. Glover,* 154 Ill. 86.) We believe this is in accord with the practice in the state, and the understanding of the bar generally, that where one who is entitled to pursue a specific lien under a judgment, and is also entitled to a general execution to enforce the judgment, he may first exhaust the property covered by the specific lien and apply the proceeds to the discharge of the judgment; or, in the first instance,

he may have a general execution issued and levied upon any property subject to execution to satisfy the entire judgment.

The question may later arise, if the sheriff knew or should have known of any personal property subject to execution, included or not included in the chattel mortgage in the action, whether he was not required first to levy thereon. (Code 1909, § 445.) But it seems that this question can not be raised in this collateral action. (17 Cyc. 1091.)

The judgment of the court, being in accordance with the views herein expressed, is affirmed.