No. 31,818

The Wheat Belt Building and Loan Association, *Appellant*, v. Harry G. Armstrong and Ethel Armstrong, His Wife, *Appellees*.

(38 P. 2d 145)

Opinion filed December 8, 1934.

*G. W. Sawyer*, of Liberal, *R. F. Crick* and *M. C. Bucklin*, both of Pratt, for the appellant.

*John C. King*, of Liberal, for the appellees.

The opinion of the court was delivered by

Thiele, J.: This is an appeal from an order refusing to confirm a sheriff's sale growing out of a real-estate-mortgage foreclosure.

The facts may be summarized as follows: On June 1, 1932, plaintiff recovered a personal judgment against defendants and for foreclosure of its mortgage, the journal entry, after awarding the personal judgment, continuing:

"That execution issue forthwith for the collection of said judgment and costs as provided by law."

And then providing that if said judgment be not paid in ten days an order of sale of the mortgaged premises issue, etc. On July 10, 1933, plaintiff filed its præcipe for a general execution, and the sheriff levied on real property of the judgment debtors other than the mortgaged real estate, and, after giving notice, sold the same, and made due return of the sale. Plaintiffs filed a motion to have the sale confirmed, defendants filed their objections, and a hearing was had. At the time of the hearing on the confirmation the trial court called attention to the portion of the journal entry quoted above and asked plaintiff's counsel if he was relying thereon, to which counsel replied in the negative, and that he was relying upon

the law. The above is abstracted from written findings made by the court, whose conclusion was that the sale was not conducted in accordance with the law and not so in harmony with law and equity that it should be confirmed, and that the sale should be set aside.

It is clear that plaintiff's action was for foreclosure of its real-estate mortgage and that it was invoking the provisions of R. S. 60-3107 that in such action personal judgment shall be rendered for the amount due and for the sale of the property charged and the application of the proceeds. R. S. 60-3126 made the judgment a lien on the judgment debtor's real estate under the conditions there set forth. The code provides for various kinds of executions, and R. S. 60-3469 reads:

"In special cases not hereinbefore provided for the execution shall conform to the judgment or order of the court. When a judgment for any specified amount, and also for the sale of specific real or personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs be not made from the sale of property specified, an execution may issue for the balance as in other cases."

These statutes were reviewed and discussed in *Lisle v. Cheney,* 36 Kan. 578, 13 Pac. 816, where it was said:

"In taking these three sections together, we concluded that § 399 (60-3107) is declaratory of the kind of a judgment that is to be rendered in all foreclosure actions. Section 419 (60-3126) declares the effect of such a judgment as a lien upon the real estate of a debtor; section 517 (60-3469) prescribes the manner in which such a judgment is to be enforced. Under a judgment for any other money demand, the judgment creditor has a lien on the real estate of the debtor within the county; under a judgment on a money demand secured by mortgage, a judgment creditor has a lien on the real estate of the debtor within the county; with this condition attached, that the proceeds of the sale of certain specific real property shall be first applied to the satisfaction of such judgment. This we adopt, and declare to be the true construction of the various sections of the code of civil procedure on judgments rendered in actions to foreclose mortgages." (p. 583.)

In the case before us the order provided that if the judgment be not paid within ten days an order of sale issue. Here was a specific direction. After the expiration of the ten days plaintiff did not ask for an order of sale, but filed præcipe for a general execution which resulted in the appropriation of the real property sold, and the sale of which is at issue.

The statutes were again reviewed in *Norton v. Reardon,* 67 Kan. 302, 72 Pac. 861, where the distinctions between various kinds of ex-

ecutions and between execution and judicial sales are noted, it being held that:.

"After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property charged is special, and must conform to the order of the court." (Syl. ¶ 1.)

*Riddle v. Gamble*, 99 Okla. 161, 226 Pac. 106, involved a statute identical to our R. S. 60-3469. In that case suit was brought to foreclose a mortgage on forty acres of land. Default judgment was rendered and foreclosure ordered. Thereafter, a general execution was issued and the sheriff levied upon the mortgaged real estate as well as other real estate, and the whole property was sold. It was urged that the execution did not conform to statutory requirements.

The lower court held against that contention, but the supreme court held:

"After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property is special and must conform to the order of court. *Held,* that a general execution can only be issued to satisfy a deficiency judgment." (Syl. ¶ 3.)

And, in the opinion, said:

"We are, therefore, of the opinion that the court committed reversible error in not sustaining the motion of the plaintiff in error upon the sole proposition that the general execution in this case and the proceedings under said execution by the sheriff were in direct violation of the judgment of the court and were unauthorized under the statutes of this state." (p. 165.)

Appellant relies upon *Wildin v. Duckworth*, 83 Kan. 698, 112 Pac. 606. That case cannot be said to be decisive of the case at bar. It was an injunction proceeding to enjoin a sale growing out of a chattel-mortgage foreclosure. The statutes with reference to foreclosures of real-estate mortgages, the lien of the judgment, or that special execution must follow the judgment of foreclosure, were not discussed. In the opinion it was said:

"It is, of course, conceded that if a special execution or order of sale was issued for the sale of the personal property, it must conform to the judgment of the court. The only question is whether the plaintiff in the original action was compelled to proceed to the sale of the personal property before it was entitled to a general execution upon the judgment. The appellant cites *Lisle v. Cheney,* 36 Kan. 578, and *Norton v. Reardon,* 67 Kan. 302. In neither of those cases was the question now pending involved, and we find nothing in *Norton v. Reardon,* supra, bearing upon this issue." (p. 701.)

We are of opinion that where an action is brought to foreclose a mortgage, and a personal judgment for the amount due is rendered

and an order made for the sale of the mortgaged real estate, the order of sale must issue, and if the proceeds arising from the sale are not sufficient to pay the judgment, costs and taxes, a general execution may then, and not before, issue for the balance. (R. S. 60-3469.)

Anything in *Wildin v. Duckworth*, supra, that may be said to be of controlling force in an action brought to foreclose a real-estate mortgage, where judgment is rendered for the amount due and for the sale of the mortgaged real estate, as here, is disapproved.

The judgment of the trial court is affirmed.