No. 32,649

THE LIBERTY SAVINGS AND LOAN ASSOCIATION, *Appellee,* v. W. J. JONES and LILLY B. JONES, His Wife, and E. R. JONES, a Single Man, *Appellants.*

(54 P. 2d 937)

Opinion filed March 7, 1936.

*Walter B. Patterson,* of Fort Scott, for the appellants.
*Douglas Hudson,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a foreclosure suit. Plaintiff prevailed and defendants appeal.

Appellants, in June, 1934, executed and delivered to appellee a non-negotiable note in the sum of $12,000. The note was secured by two separate mortgages, one a real-estate mortgage and the other a chattel mortgage covering certain bakery equipment located in the

building of the mortgaged premises. Appellants defaulted in payments on the note, insurance premiums, and taxes on the real estate for the years 1932 and 1933. Appellee, after much forbearance, finally commenced this foreclosure suit. It pleaded the note and mortgages and asked to have the real estate and chattels sold to satisfy the indebtedness.

Appellants filed a motion asking appellee be required to separately state and number the respective causes of action. The motion was overruled. It is contended this constituted error. The contention is not sound. The petition stated only one cause of action. That cause of action was the right to collect a debt. The mortgages were merely security for that debt. In the case of *Ambrose v. Parrott*, 28 Kan. 693, it was said:

"The note, although secured by a mortgage, is nevertheless the principal thing, and the mortgage is only an incident thereto—merely a security for the payment or the collection of the note." (p. 698.)

The fact there was more than one security did not alter the principal. There still existed only one debt. Appellee's cause of action entitled it to apply the several securities to the satisfaction of that debt. It may also be noted that in the instant cause the note and both mortgages were all part and parcel of one single transaction. Cases involving several notes and one or more mortgages clearly are not in point.

Appellee also asked to recover insurance premiums it had paid, due to appellant's default. Appellants contend this was a third cause of action. The requirement to pay insurance premiums was contained in the note itself. It was a part of the single primary cause of action. In the early case of *Bond v. Sewing Machine Co.*, 23 Kan. 119, this court held:

"In an action on a penal bond, where the breach alleged was, that one of the defendants, who was the principal obligor, had failed to pay over to the plaintiff, who was the obligee, certain money which the bond required should be paid, and it was shown by the petition and its exhibits that this money was merely a balance due on several items of account, all covered by the bond, *held*, that only one cause of action was stated." (Syl.)

See, also, *Contracting Co. v. Railway Co.*, 102 Kan. 799, 172 Pac. 527.

In the case of *Small v. Small*, 107 Kan. 122, 190 Pac. 623, an accounting was asked in connection with a prayer for a declaration of trust in property alleged to have been fraudulently obtained from

a decedent. A motion to separately state and number was filed and sustained. Upon appeal, this court said:

"While a motion to separately state and number is addressed largely to the discretion of the court and is, ordinarily, not reviewable, it is manifest that but one cause of action was stated. Before a court of equity can mold the proper decree in a case of this kind there must be an accounting, which is only an incident to the real cause of action." (p. 125.)

In the instant case the obligation to pay insurance premiums was an incident to the primary obligation, the note, and a part of the note.

It is further insisted the trial court erred in rendering judgment on the pleadings without first fixing an upset price for the real estate in the amount of the total indebtedness. This contention embraces two separate and distinct propositions, the first pertains to appellee's right to have judgment for a specific amount, and to have the mortgages ordered foreclosed. The second pertains to the right of appellants to have an upset price fixed before judgment. Neither of the contentions is sound. Appellants' answer admitted the execution of the mortgages as alleged by appellee, and admitted indebtedness in a specific amount which was less than that claimed by appellee. Appellee replied and admitted the amount set up in the answer to be correct. It then prayed judgment in that amount and the foreclosure of the mortgages. The trial court rendered judgment on the pleadings in favor of plaintiff as prayed for. It directed the real estate sold first, and the personalty sold only in the event a deficiency remained unsatisfied. This was proper. Appellants here contend that by reason of other allegations contained in the answer, the court should have heard evidence as to value and fixed an upset price before rendering judgment on the pleadings. That contention does not exactly coincide with the request contained in appellants' answer, but we shall treat the contention. The answer asked an upset price be fixed not before judgment was rendered on the pleadings, but before order of sale issued. The portion of appellants' answer which they claim entitled them to have an upset price fixed was in substance as follows: The real estate is worth more than the debt; prior to order of sale a hearing should be had to determine an upset price for the real estate and plaintiff should be directed to bid the full amount shown to be due, including principal, interest, insurance premiums, penalties, taxes and costs; that a separate order of sale issue for the real estate, and that the chattel mortgage be canceled and discharged of record.

We are not advised, and know of no statute or decision requiring the trial court to make such an order. We are referred to R. S. 1933 Supp. 60-3463a. That statute is simply interpretative of R. S. 60-3463, and declaratory of the equity powers which previously existed under R. S. 60-3463. It does not provide nor contemplate that a mortgagee shall not be entitled to judgment on the debt and order of foreclosure unless an upset price is fixed in advance of judgment. True, under the statute, an upset price may be fixed prior to sale at which the premises must be bid in, if the sale is to be confirmed. The statute, however, is not mandatory. It does not require the trial court to fix an upset price even prior to sale. That matter rests in the sound judicial discretion of the court.

The real estate was sold to appellee for $13,529.68. After paying taxes and total costs, there remained the sum of $12,437.16, to be applied on the judgment. This left a deficiency of $750. Appellants moved to set aside the sale. Appellee moved for confirmation. The trial court then heard extensive evidence on the subject of value. The evidence was conflicting. The trial court found that taking into account all the evidence and equities, including the deferred right to possession, which under the evidence was a factor to be considered in connection with present value, the bid was substantially the real value of the property. There is abundant competent evidence to support that finding. In view of the record, this court is not inclined to disturb the judgment of confirmation. In the case of *Johnson v. Funk,* 132 Kan. 793, 297 Pac. 670, it was said:

"Under the statute as it formerly existed a sale made in conformity with law was ordinarily confirmed, but the amended statute relating to confirmation of sheriff's sales requires that the sale be made not only in conformity with law, but also in conformity with equitable principles. (R. S. 60-3463.) So it is that under the present statute a sale may be set aside, although regularly made, upon equitable grounds. (*Anschutz v. Steinwand,* 97 Kan. 89, 154 Pac. 252. See, also, *Bank v. Murray,* 84 Kan. 524, 114 Pac. 847.) The court has a reasonable discretion in determining whether a sale shall be confirmed or not, to be exercised on equitable principles." (p. 794.)

True, it has been held that a bid by plaintiff for the full amount of the judgment, interest, taxes and costs, should now ordinarily be deemed adequate and in conformity with law and equity. (*Prudential Ins. Co. v. Patten,* 140 Kan. 708, 38 P. 2d 143.) It does not follow, however, that a sale for somewhat less would not be in conformity with both law and equity. It has been held chapter 218 of the Laws of 1933 nowhere attempts to indicate that an order

confirming a sale for an amount less than the judgment rendered would be improper or irregular. (*Equitable Life Assur. Soc. v. Shearer*, 142 Kan. 310, 313, 46 P. 2d 869. See, also, *Security Benefit Ass'n v. Swartz*, 141 Kan. 227, 231, 40 P. 2d 433.)

Much is said by appellants concerning the failure of the trial court to set aside the sale of the personalty and also concerning its refusal to confirm that sale. We are at a loss to understand the contention. The record before us indicates there was no sale of the personalty. There being no sale of it, there was nothing to set aside or confirm.

Appellants contend R. S. 58-309 requires the personalty to be sold after notice by posting in four public places, and not as it was advertised by publication in five consecutive weeks in a newspaper. It is further argued appellee must obtain possession of the chattels prior to sale. This is a mortgage foreclosure. It is a judicial sale under supervision of the court, and not a sale under naked statutory power. (*McFall v. Ford*, 133 Kan. 593, 604, 1 P. 2d 273.)

An order of sale in a foreclosure case is a special execution as that term is used in R. S. 60-3402. (*Pool v. Gates*, 119 Kan. 621, 624, 240 Pac. 580.) R. S. 60-3469 is a special execution statute. It provides:

"In special cases not hereinbefore provided for the execution shall conform to the judgment or order of the court. When a judgment for any specified amount, and also for the sale of specific real or personal property, shall have been rendered, and an amount sufficient to satisfy the amount of the debt or damages and costs be not made from the sale of property specified, an execution may issue for the balance as in other cases."

The judgment directed an order of sale issue for the sale of the personalty. This being a judicial sale, the personalty covered by the chattel mortgage was in the control of the court and is subject to sale in conformity with the orders of the court. In *Norton v. Reardon*, 67 Kan. 302, 307, 72 Pac. 861, it was said:

"After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property charged is special, and must conform to the order of the court." (Syl. ¶ 1. See, also, *Wheat Belt Bldg. & Loan Ass'n v. Armstrong*, 140 Kan. 541, 38 P. 2d 145.)

Minor complaints have been noted and considered. In the light of what has been said they do not require treatment.

The judgment confirming the sale of real estate is affirmed.