No. 34,033

FRED BARTLES, *Appellee*, v. J. H. HECKMAN et al., *Appellants*.

(84 P. 2d 924)

Opinion filed December 10, 1938.

W. H. Wagner, William Wagner, Jr., both of Wakeeney, Kenneth W. Wagner, of Topeka, and R. H. Thompson, of Gove City, for the appellants.

E. R. Sloan, W. Glenn Hamilton, Floyd A. Sloan and Eldon R. Sloan, all of Topeka, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendants appeal from certain orders made in connection with an effort on their part to satisfy, in manner hereafter set out, a judgment rendered in a foreclosure action.

Plaintiff filed an action to recover on a note signed by the five persons named as defendants, and to foreclose a real-estate mortgage made by two of them to secure the note. All of the defendants answered by general denial. On April 1, 1935, judgment was rendered on the note against all of the defendants for $6,122.66 and interest, and for foreclosure of the mortgage, and directing issuance of an order of sale of the mortgaged real estate, subject to an eighteen months' period of redemption, the proceeds to be applied in order, to costs, taxes unpaid, amount due plaintiff, balance, if any, to persons entitled thereto under direction of the court. Pursuant to order of sale issued, a sale was had and the property stricken off to plaintiff for $2,912.51. On defendants' motion, the court ordered the sale be not confirmed. Pursuant to a second order of sale issued, another sale was had and the property was stricken off to a stranger to this action for $2,500. Defendants moved the court to set aside this sale; to make an order fixing an upset price on the real estate and an order conditioning confirmation of sale upon requirement the fair value be credited upon the judgment. The court set aside the sale, and fixed an upset price of $6,000 at which the land must be sold if sale thereof shall be confirmed. This last-mentioned order was made May 29, 1936. Nothing further was done until September 6, 1937, when defendants filed their motion, reciting the fixing of the upset price and that since May 29, 1936, plaintiff had failed to readvertise or resell the land, and requested the court to order the plaintiff to credit the sum of $6,000 on the judgment, the defendants tendered into court all sums due on the judgment over $6,000 and requested, on fulfillment of the conditions, the sale theretofore had been confirmed. The court overruled the motion. At some date not disclosed defendant Groft had died. The above judgment had not been revived against his legal representatives, and before December 27, 1937, his estate had been finally closed in the Trego county probate court. On the last-mentioned date, the remaining defendants filed their application for a restraining order and for an injunction, in which were recited the facts above, and charging that plaintiff had maliciously and negligently failed to prosecute the ac-

tion, and that it would be inequitable, unjust and unconscionable to permit him to collect interest on the above judgment on and after the date defendants had tendered into court the amount of the judgment over the sum of $6,000; that plaintiff had filed a transcript of the judgment in Trego county, and that transcripts had been filed in other counties (not named), and plaintiff had threatened to and defendants believed he would cause executions to be levied upon any property defendants might own, all contrary to G. S. 1935, 60-3469. It was further alleged in the motion that the reasonable value of the involved real estate was far more than $6,000 and to permit the plaintiff to recover from defendants more than the difference between the fair and reasonable value of the property and the total amount due on the judgment would be unconscionable, etc., and plaintiff should be permanently enjoined from enforcing the judgment in excess of the difference. On this motion the trial court granted a restraining order and set the matter for hearing. At the hearing there was no dispute as to the facts stated. Plaintiff's attorney stated he had started to file a praecipe for an execution in Trego county, but desisted when defendant's counsel stated: "I might be able to change your mind on your right to do it." Later conversation was that he thought he would file it and that he thought he had a right to file it. After hearing the application, the trial court, on January 28, 1938, made findings of fact, covered by what has been stated, and concluded:

"1. As to the defendants, J. H. Heckman and Jane W. Heckman, his wife, the plaintiff, having brought this action to foreclose a mortgage given by them, is estopped from proceeding by way of a general execution to enforce his personal judgment against said defendants; but this estoppel does not apply as to the defendants, Ray J. Shaw, C. M. Hutchison and E. H. Groft, against whom only a personal judgment was rendered. The liability of the defendants in this action is both joint and several.

"2. At the hearing on May 29, 1936, for the confirmation of the sale held on April 6, 1936, the court might have required, as a condition to confirmation, that the fair value of the mortgaged property be credited upon the judgment, interest, taxes and costs (G. S. 60-3463a). It did not do this, but fixed an upset price at which the premises must be bid in, if the sale was to be confirmed. The court's order of May 29, 1936, has become final; but it should not be construed as meaning more than it states, that is, that the property must be sold for at least $6,000 before a sale will be confirmed. The property may at some time be sold for this amount, but until this is done, the defendants are not entitled to credit on the judgment. If the court thought that it was equitable to require a credit on the judgment, it might have so decreed.

"3. The defendants have not shown or offered to show that the mortgaged property, if reoffered for sale, would now sell for $6,000.

"4. An injunction will be denied. The restraining order heretofore issued will be dissolved."

Judgment was entered accordingly.

On March 26, 1938, the surviving defendants filed two motions, one to change a finding with respect to filing of a praecipe for execution in Trego county, the other for permission to introduce further testimony the effect of which was to show all of the defendants contributed to the purchase price of the involved real estate and that title was taken in Heckman's name as a matter of convenience, and that the fact was known to the plaintiff when the mortgage to him was executed and delivered.

On the first motion the trial court directed that the record show a praecipe had been prepared but not filed. On the second motion, although indicating it felt the motion should be denied, the trial court permitted defendants to introduce testimony tending to prove all of them owned the real estate, that it stood in Heckman's name and that plaintiff knew it prior to execution and delivery of his mortgage. At the conclusion of the offer, defendants' counsel orally moved for a modification of the first conclusion of law quoted above that estoppel applied to defendants Shaw, Hutchison and Groft, and in lieu it should be held plaintiff should be restrained. The trial court then denied the motions.

The defendants followed this on April 16, 1938, by depositing $1,178.38 with the clerk of the district court and filing a motion stating they had paid that amount into court to satisfy the judgment, and requesting the trial court to correct an error in the judgment of April 1, 1935, because, through error, it was for an excessive amount. This motion came up for hearing on April 25, 1938, and defendants then filed an amended motion, stating the amount due on the judgment and interest thereon, giving credit for the upset price and arriving at a balance of $1,178.38, amount of the tender, offering to pay the costs, and all delinquent taxes due on the real estate, and moved the court to decree them released of further liability on the judgment. They also claimed an error in computing the amount due plaintiff on April 1, 1935, and that the judgment was excessive in the sum of $136.07. They asked the court to correct the error and to deduct the amount from the sum paid into court for the plaintiff. The trial court denied the motion asking release from further liability and allowed it as to error in the judgment.

The plaintiff does not complain as to the reduction in the judgment. The defendants appeal, specifying errors which will be discussed. We may here note that as to many of the rulings complained of, it does not appear that appeal was taken in time. However, they are mentioned in order that the matter may be intelligently discussed.

Although presented from various angles, what appellants sought to do in the trial court was to secure release from the money judgment rendered against them in the foreclosure action, and that is the gist of their complaint on appeal. That judgment was rendered on April 1, 1935. There was no issue before the court then that the five defendants were not all equally liable on the note, nor was there any issue that all five of them owned the mortgaged real estate rather than the two defendants who executed and delivered it. There was no motion for a new trial; no objection was made to the judgment as rendered and it became final. Not until appellants filed their motion on March 26, 1938, was any contention made that all five defendants owned the real estate. The trial court permitted the testimony to be taken, but denied the motion. While the motion did not specifically ask that the original judgment be altered or modified, had it been allowed, that would have been its effect. That such a course of procedure is not authorized by the code, but is contrary to it, needs no elucidation. The trial court properly denied the motion.

Appellants also contend that the order of the trial court fixing an upset price of $6,000 was a final order, and they argue therefrom that an appeal not having been taken, that upset price is forever fixed, and at any time the real estate is sold, that much must be realized, and therefore their liability for deficiency is now determined, and they are now entitled to pay that deficiency and be released. That argument is coupled with the contention above mentioned and not sustained, that all five defendants were owners of the land. It is not necessary to our decision, and we expressly refrain from discussing or deciding whether under any circumstances a new and different upset price may not be fixed. On the general proposition of the right of any defendant to be thus released from liability, over and above the upset price placed on real estate, little need be said, assuming such a contention was not otherwise subject to attack. The statute providing for fixing an upset price is G. S. 1935, 60-3463a, and it does not even faintly suggest the trial court may

compel a judgment creditor to take the mortgaged property at any price, nor does any statute of which we are aware. That would be the result if appellant's motion to have their liability limited were allowed. The trial court ruled correctly on the motion.

Our attention is directed to decisions such as *Wheat Belt Building & L. Ass'n v. Armstrong*, 140 Kan. 541, 38 P. 2d 145, holding:

"Where an action is brought to foreclose a mortgage, and a personal judgment for the amount due is rendered and an order made for the sale of the mortgaged real estate, the order of sale must issue, and if the proceeds arising from the sale are not sufficient to pay the judgment, costs and taxes, a general execution may then, and not before, issue for the balance." (Syl.)

And it is argued therefrom that a general execution may not issue here until the plaintiff takes the lands at the upset price or the land is sold on order of sale with resultant credit for that amount, and therefore plaintiff should have been enjoined from having general execution issue. This argument is also coupled with the contention that all five of the defendants were owners of the real estate. In its conclusions of law embodied in its order of January 28, 1938, the trial court so concluded as to defendant Heckman, as shown by the quotation above, and plaintiff does not complain. As to the remaining defendants, however, the judgment of April 1, 1935, was simply a money judgment, and the trial court properly concluded that plaintiff was not so limited.

As has been indicated, the purpose of the many motions and of the application for a restraining order was in effect to compel the plaintiff to take the land at its upset price, and to relieve the defendants from liability upon their paying the difference between that price and the amount due on the judgment. The effect of the rulings on the various motions and the refusal to grant the injunction was to deny any such relief.

The trial court's various rulings and judgments were proper and are affirmed.