UNITED STATES of America, Plaintiff,

v.

Alpha L. HARVEY, formerly Mrs. D. A. Teasley, Defendant.

No. T–2068.

United States District Court
D. Kansas.

June 23, 1959.

# 574

Wilbur G. Leonard, U. S. Atty., and George T. Van Bebber, Asst. U. S. Atty., Topeka, Kan., for plaintiff.

V. R. Moen, Minneapolis, Kan., for defendant.

STANLEY, District Judge.

The defendant is a citizen and resident of Kansas and is alleged to have executed a promissory note on August 23, 1935, in the amount of $205 which was payable on or before August 30, 1936, with interest at the rate of 5½% per annum until paid. The note was given to the Governor of the Farm Credit Administration and plaintiff is now its owner and holder. The complaint alleges that the note is "long past due and wholly unpaid," and that there is now due from the defendant "the sum of $411.79 with interest on the principal amount of $185.31 at the rate of 5½% per annum from November 17, 1958, until paid." It is further alleged that demand was made on defendant for payment, although the date of such demand is not set forth. The defendant has answered with a denial of all allegations in the complaint and alleged that the note had been discharged prior to the commencement of this action by payment in full.

At the pre-trial conference, defendant announced that her sole defense to the action was reliance upon the presumption of payment of the note from lapse of time. Plaintiff introduced into evidence various records pertaining to this transaction: application for loan, note signed by defendant, chattel mortgage of crops, receipt carbons for two payments totaling $19.69, and a ledger sheet showing credit being given on the principal for the amount of the two payments.

Defendant filed a motion for summary judgment on the following grounds: (1) More than twenty-two years have elapsed from accrual of the alleged cause of action to the commencement of an action thereon, with no allegation of any legal or equitable reason for the delay, thus implying that defendant's defense was valid; and (2) there is nothing to overcome the presumption of validity of defendant's defense since no records, etc., had been introduced to show the note to be wholly unpaid, and plaintiff has not shown that it did not take possession of the security for the note.

An affidavit in opposition to defendant's motion was filed, affiant being the State Director of the Farmers Home Administration. Affiant stated that he had custody of the records covering this transaction and is familiar with those pertaining to this particular transaction and that there are no other records than those introduced.

Plaintiff filed a cross-motion for summary judgment, contending that since defendant was relying solely upon the presumption of payment due to the length of time elapsed from the date of the execution thereof to the date of filing this action, no question of fact remained to be determined. The case is, therefore, properly before the court on these motions.

■ It seems that no federal court has been faced with the question here presented, that being whether the presumption of payment because of elapsed time is operative against the federal government. The sole evidence on behalf of plaintiff consists of the evidence of indebtedness and papers allegedly executed by defendant at or near the time the note was given and the loan made. Although the creditor's possession of the written evidence of indebtedness may be some evidence tending to rebut the presumption of payment, the better view is that standing alone it would be insufficient to overcome the presumption. 40

Am.Jur., Payment, § 257. Thus, should the presumption be found applicable against the federal government, the claim presented would appear to be barred, and judgment should be for the defendant; while if the presumption is not applicable, defendant would have no defense and judgment should be entered in favor of the plaintiff.

The doctrine of laches and the statutes of limitations have long been held inapplicable in an action by the United States to enforce its rights, or in an action where it has a direct interest in the subject matter of the litigation. United States v. Summerlin, 1940, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; Chesapeake & Delaware Canal Co. v. United States, 1919, 250 U.S. 123, 39 S.Ct. 407, 63 L.Ed. 889.

■ The presumption of payment asserted by the defendant arises after the lapse of a certain period of years, varying from ten to twenty, with accompanying inaction on the part of the creditor. It is not conclusive but may be rebutted, and any competent evidence which tends to show non-payment or improbability of payment is admissible for the purpose of rebutting it. 40 Am.Jur., Payment, § 256. The equitable maxim "vigilantibus non dormientibus jura subveniunt" is the basis for the presumption and delay alone is its creator.

■ The presumption is not unlike the doctrine of laches. Laches, however, is based upon unreasonable delay in asserting rights and such a change of position on behalf of the defendant that it would be inequitable to permit plaintiff to maintain the action. 19 Am.Jur., Equity, §§ 498–512. Nor is the presumption totally dissimilar to the statute of limitations which has as its purpose the barring of claims after the passing of a reasonable time regardless of any change of position. Neither of these defenses is available in a suit brought by the United States when it sues on a proprietary interest, since the United States holds these interests on behalf of the public. As the Supreme Court stated in Guar-

anty Trust Co. of New York v. United States, 1938, 304 U.S. 126, at page 132, 58 S.Ct. 785, at page 788, 82 L.Ed. 1224:

"The rule *quod nullum tempus occurrit regi*—that the sovereign is exempt from the consequences of its laches, and from the operation of statutes of limitations—appears to be a vestigial survival of the prerogative of the Crown. * * * But whether or not that alone accounts for its origin, the source of its continuing vitality where the royal privilege no longer exists is to be found in the public policy now underlying the rule even though it may in the beginning have had a different policy basis. Compare Maine, Ancient Law, 10th ed., 1930, 32 et seq. 'The true reason * * * is to be found in the great public policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers. And though this is sometimes called a prerogative right, it is in fact nothing more than a reservation, or exception, introduced for the public benefit, and equally applicable to all governments.' Story, J., in United States v. Hoar, 26 Fed.Cas. pp. 329, 330, No. 15,373."

Although the Court in Guaranty was speaking solely of the statute of limitations, the reasoning applied there by Mr. Justice Stone would be applicable to the doctrine of laches when asserted in an action by the United States.

If the doctrine of laches, which requires a prejudicial change of position by the party asserting it, would not be available in an action such as this, it would seem that the presumption of payment when it is based solely on delay in asserting rights must similarly be denied.

■ I therefore hold that the presumption of payment because of lapse of time is not available as a defensive measure on the part of the person against whom the United States brings an action

**576**

in which it has a direct pecuniary interest.

The defendant has included in her motion for summary judgment the contention that the plaintiff has not shown that the chattel mortgage was foreclosed. By the laws of Kansas the mortgagee is not required to proceed against the security before he proceeds against the debtor on the note. See Wildin v. Duckworth, 1911, 83 Kan. 698, 112 P. 606.

With no question of fact remaining to be determined, the court finds that the defendant is indebted to the United States in the amount heretofore stated and that judgment should be given the plaintiff on its motion for summary judgment.

Defendant's motion for summary judgment will be denied.

Counsel for plaintiff will prepare and submit an appropriate order.